## TYLER v. PHILLIPS et al.
### No. 13976.

Court of Appeal of Louisiana. Orleans.
Nov. 13, 1933.

See, also, 18 La. App. 654, 139 So. 35.

Louise Louque Burton and James J. Landry, both of New Orleans, for appellant.

Prowell, McBride & Ray, of New Orleans, for appellees.

WESTERFIELD, Judge.

This is an appeal from a judgment maintaining an exception of prescription of one year.

The plaintiff herein filed suit for damages for the wrongful seizure of her household property under a writ of provisional seizure. The seizure occurred September 19, 1922, and the litigation which followed, in which the legality of the seizure was successfully attacked, finally terminated on December 4, 1925. This suit was filed November 17, 1926, within one year of the conclusion of the litigation, but several years after the issuance of the writ of seizure.

The question before us is whether prescription begins to run from the seizure, September 19, 1922, or from the date of the termination of the litigation, December 4, 1925. The learned judge, a quo, held that the date of the beginning of the prescription was the day on which the seizure issued, basing his conclusion upon the case of Edwards v. Turner et al., 6 Rob. 382. Counsel for plaintiff, in their oral argument and in their brief filed in this court, contend that the cited case is not applicable, for the reason that it is principally concerned with the question of whether the form of action considered there was one for damages ex delicto or ex contractu. The damages claimed in this suit, it is insisted, are for the malicious prosecution of a civil suit.

Whatever may be the holding in the Edwards Case, the Supreme Court in a very recent decision, reversing this court, held that prescription on a claim for damages for the illegal issuance of a writ of injunction did not commence to run "until it was judicially determined that the injunction was obtained wrongfully." Burglass v. Villere, 170 La. 805, 129 So. 209, 211. In the cited case the court quoted the following from Pothier (Prescription, No. 37): "Although the action has accrued (soit ouverte), so long as it cannot be usefully prosecuted, prescription does not run. The reason is that prescription is founded on the negligence of the creditor; and a creditor cannot be held to have been negligent in bringing his suit, so long as it was not possible for him to bring it usefully."

It results, from the application of the principle of the Burglass Case to this case, that

the judgment appealed from must be reversed.

For the reasons assigned it is therefore ordered that the judgment appealed from be reversed, the plea of prescription overruled, and this case remanded to the civil district court for the parish of Orleans for further proceedings according to law and consistent with the views herein expressed.

Reversed.