### CHACHERE v. MOSES GEORGE & SON.
### No. 1665.

Court of Appeal of Louisiana.
First Circuit.

Dec. 10, 1936.

Harris Gagne, of Houma, for appellants.
A. J. Caillouet, of Houma, for appellee.

OTT, Judge.

Plaintiff, claiming to be the owner and entitled to the possession of three floor cases and two wall cases, with mirror sections, sues to recover said movable property from the defendants who, he alleges, are illegally and wrongfully withholding possession of said property from him. Plaintiff asks for damages in the sum of $150 for the illegal detention of the property by the defendants up to the time of filing the suit, and the additional sum of $10 per day from the time of filing the suit so long as said property is illegally detained. A writ of sequestration was asked for and the property claimed was seized. After bonding the sequestered property, defendants filed a pleading in the nature of a three-year prescription, which plea was taken by plaintiff to be an answer, whereupon, a rule was taken on the defendants to show cause why there should not be a judgment in favor of plaintiff on the face of the petition and answer.

The trial court rendered a judgment on this motion in favor of plaintiff decreeing him to be the owner of the property and entitled to the possession thereof, and also condemned the defendants in damages in the sum of $150 for the illegal detention of the property up to the time of filing the suit, and $10 per day thereafter so long as plaintiff was deprived of the possession of the property. On appeal to this court, this judgment was reversed and the case remanded for trial. 165 So. 522.

Testimony was heard on the plea of prescription and the trial court overruled the plea. Defendants then answered making, in effect, a general denial. After hearing testimony on the issue thus joined, the lower court rendered judgment for plaintiff decreeing him to be the owner of the property and entitled to the possession thereof; and condemning defendants in damages in the sum of $50 up to the filing of the suit, $100 from the filing of the suit to the rendition of judgment, and $10 per month thereafter until defendants delivered the property to plaintiff.

From this judgment, defendants have again appealed.

Defendants do not question the correctness of the judgment in so far as it decrees the plaintiff to be the owner of the property. Their complaint is leveled at that part of the judgment condemning them in damages for depriving plaintiff of the use and enjoyment of the property.

Defendants had possession of the property under an agreement with Mr. George LeBlanc, the owner, who had left the property in the possession of defendants for them to use in their jewelry business, apparently without any charge, and with some kind of agreement that defendants would purchase the property if terms could be agreed upon. LeBlanc lived in Texas. On January 15, 1935, without the knowledge of defendants, LeBlanc sold the property to plaintiff for $350. It appears that LeBlanc notified defendants by letter on February 22, 1935, of his sale of the fixtures to plaintiff, for on February 26, defendants wrote LeBlanc expressing surprise at his sale of the fixtures without advising them.

Defendants then attempted to make some arrangement with plaintiff whereby they could keep the fixtures, at least for a time, on the same terms as they held them for LeBlanc. One of the defendants went to Opelousas to see plaintiff about this matter where some document was prepared with a view of letting defendants keep the fixtures for thirty or sixty days longer. But on the return of this defendant with this document, the other defendant and the lessor of the building in which the fixtures were located, refused to sign the document. During all these negotiations defendants never at any time claimed the property, but, on the contrary, recognized plaintiff as the owner.

Shortly before the suit was filed on March 25, 1935, plaintiff came to see the defendants about the property and to ascertain why the agreement had not been signed. He then found that defendants had decided not only to refuse to sign the document but also refused to deliver the property to him. This suit was then filed with the result stated.

Plaintiff does not specify wherein he was damaged on account of the illegal detention of the property by defendants. It is manifest that he suffered no actual damage before he filed the suit. On March 4, 1935, only a few days before the suit was filed, plaintiff wrote defendants advising them that he had bought the fixtures, stating that he was not in need of them and offering to let defendants keep the fixtures for him the same as they had kept them for Mr. LeBlanc. As several days transpired after that in the negotiations between the parties and no change appears to have taken place in plaintiff's plans until he found out that defendants refused to sign the document or surrender the fixtures, we fail to see how he suffered any damages before the suit was filed other than nominal damages.

As the defendants knew that the property belonged to plaintiff and as they recognized his ownership and set up no claim to the property themselves, their refusal to deliver the property to the plaintiff on demand was without justification, and they have retained possession in bad faith. This, however, does not relieve the plaintiff of the necessity of alleging and proving damages for the illegal detention. The pleadings are not only vague on this question, but the testimony offered and admitted without objection is also vague and indefinite.

Plaintiff has alleged that his damage arose because he was deprived of the use and enjoyment of the fixtures. About the only testimony he offers to prove this damage is his statement that "losing a year of business when commodities were low." Just how much these fixtures were worth to him for that year does not appear, except he does say that the rental value of these fixtures was $10 per day. On cross-examination, one of the defendants testified that in his opinion the rent of the fixtures would be about 8 per cent. of their value $350, which would make the rental value only $28 per year. Obviously, one estimate is too high and the other too low. The depreciation in value was around 10 per cent. per year, say $35. The trial judge fixed the value for the use of the fixtures at $10 per month. Considering the value of the fixtures as fixed in the petition and in the testimony as $350, we cannot say that this estimate is wrong. However, as the plaintiff has only shown a loss sustained by him on account of his inability to get the fixtures for one year, we think the damages should be restricted to this twelve-month period.

Plaintiff testified that he had a cash offer for the fixtures for $1,000. He does not allege in his petition that he lost on

account of losing a sale of the fixtures, but his claim is based on the loss of the use of the fixtures. Moreover, the attempted proof of a loss of profits is too vague and indefinite to serve as the basis for damages on that score which plaintiff is now claiming.

For the reasons assigned, it is ordered that the judgment appealed from be amended by reducing the amount of damages to $120 and, as thus amended, the judgment is affirmed; appellee to pay the cost of the appeal, and appellants to pay all other costs.