Plaintiff sues to recover of the defendant the sum of $121.19, together with interest at the rate of eight per cent. per annum thereon from April 1, 1942, until paid, and fifteen per cent. upon the total amount due as attorney's fees, with recognition and enforcement of a vendor's lien and the enforcement of chattel mortgage rights upon certain described gas heating equipment sold by the General Gas Corporation to the defendant, as evidenced by a certain chattel mortgage installment note for the sum of $223.20, dated November 25, 1940, signed by the defendant to the order of "Myself" and by the maker endorsed, payable at the office of Commercial Securities Co., Inc., of Baton Rouge, Louisiana, and falling due and payable in 36 installments of $6.20, the first payable on the first day of January, 1941, and the remaining installments due on the same date of each succeeding month, which said note is marked "Ne Varietur" to identify it with an act of sale and mortgage acknowledged before Anthony P. Masso, Notary Public, on November 25, 1940.
Plaintiff avers that it is the holder and owner of the said note; that the installments due on said note commencing on April 1, 1942, and monthly thereafter, were past due, exigible and unpaid and that because of the acceleration clause contained therein, the entire unpaid balance amounting to $121.19, together with interest and attorney's fees, were past due and exigible and unpaid.
Making the allegation that plaintiff fears that the defendant will conceal, part with or dispose of the said merchandise upon which it enjoyed a vendor's lien and privilege and chattel mortgage rights, which merchandise was in the possession of defendant, during the pendency of the suit, plaintiff prayed for a writ of sequestration. The writ of sequestration was issued and executed.
The defendant filed a motion to dissolve the writ of sequestration on the ground that the affidavit of plaintiff's agent necessary to obtain the writ was false and untrue and that she was not indebted unto plaintiff for any past due installments upon the note, thereby making plaintiff's demand premature. A rule issued on the motion, which rule was fixed for trial on September 8, 1942, and tried and submitted on September 10, 1942. On October 14, 1942, judgment was rendered in favor of defendant and against the plaintiff making the rule absolute, setting aside or dissolving the writ of sequestration and reserving the right of defendant to sue for damages for the wrongful issuance of the writ. Plaintiff did not appeal from this judgment.
On November 21, 1943, some 131/2 months after the judgment dissolving the writ of sequestration heretofore issued, the defendant filed her answer in which she admitted *Page 39 
the purchase of the merchandise, the execution of the note and the execution of the chattel mortgage securing the same. She denied that any installments on the note were past due, exigible and unpaid, thus making the balance on the note due and payable. In further answer, she specifically sets out that she is not indebted to plaintiff for any past due installments on the note; that all maturing installments on the note were paid within a reasonable time of their maturities, and that she is not in legal default by the terms of the contract, by operation of law, or by the action of plaintiff. She further averred that the alleged demand of plaintiff was premature. In further answer, she assumed the position of plaintiff in reconvention and seeks damages in the sum of $750 as resulting from the wrongful issuance of the writ of sequestration, itemized as follows: $500 for impairment of her credit as a merchant and for impugnment of her reputation for honesty among her creditors and the destroying of the good will of her business; and $250 as attorney's fees to obtain the dissolution of the writ of sequestration.
Prior to the trial of the case, plaintiff filed a plea of prescription of one year in bar of defendant's reconventional demand, which plea was overruled by the trial court on September 15, 1944.
On trial of the merits, there was judgment in favor of defendant and against plaintiff, dismissing plaintiff's demand as of non-suit, and granting defendant, as plaintiff in reconvention, and against plaintiff, defendant in reconvention, a judgment in the sum of $400. Plaintiff has appealed.
As the plaintiff failed to appeal from the judgment of October 14, 1942, setting aside the writ of sequestration and as this judgment is now final, we are not concerned with the merits or demerits of this judgment, and it does not enter in the discussion of the case on this appeal, save the effect of it on the plea of prescription filed by plaintiff and which effect will be hereinafter discussed.
On this appeal, there are three questions involved: 1st, the correctness of the judgment on the main demand, dismissing plaintiff's suit as in case of non-suit; 2nd, the correctness of the overruling of the plea of prescription filed by plaintiff in bar of defendant's reconventional demand; and, 3rd, the amount to be awarded on defendant's reconventional demand, if the demand is not prescribed. These questions will be discussed by us in the order named.
 Main Demand.
[1] The suit was filed on July 29, 1942, on the basis that the monthly installment of $6.20 maturing on April 1, 1942, and the installments thereafter maturing, that is, on May 1, 1942, June 1, 1942, and July 1, 1942, were all past due and unpaid, thus maturing all future installments, at the time of the filing of the suit, leaving a balance due on the note of the sum of $121.19. Plaintiff, in oral argument and in brief, now admits that the installment due on April 1, 1942, has been paid, that the sum of $2.81 should be applied on the installment due on May 1, 1942. However, it contends that the unpaid balance of the note of $121.19 remains unchanged.
The evidence discloses that the General Gas Corporation, hereinafter referred to as the General Gas, sold to the defendant certain gas heating equipment for the sum of $235.50, on which defendant paid the sum of $12.30 in cash, and for the balance thereof defendant gave the note described supra, and granted a chattel mortgage on the property purchased and the vendor retained the vendor's lien thereon to secure the full and punctual payment of the said note. Regardless of the fact that the note called for the payment of the installments at the office of the plaintiff at Baton Rouge, defendant, from the beginning, remitted at divers times, not in accordance with the terms of the note or chattel mortgage, divers amounts to the General Gas, at its office in Thibodaux, ranging from $5.06 to $9.30, and in turn the General Gas remitted these sums to the plaintiff at Baton Rouge, save three remittances of $6.20, of March 25, 1942, June 25, 1942, and July 25, 1942. This custom of payment by defendant had existed for the period of eighteen months without protest by plaintiff or the General Gas. The payments of March 25, June 25 and July 25, 1942, were applied by the General Gas in payment of an open account due them by *Page 40 
defendant. The applications of these payments to her open account were without the knowledge or consent of defendant.
In the record, we find an itemized statement of the account of defendant as reflected on plaintiff's ledger, concerning the note sued upon, showing sixteen payments in various sums, totalling $102.01, showing a balance due on the note of $121.19. We have checked these payments against the receipts and money orders filed in evidence, and find a credit of $9.30 not accounted for by the receipts or money orders. We also find the following money orders not credited 3/25/42, $6.20; 6-25-42, $6.20; 7-25-42, $6.20, and 8-4-42, $6.20. The amount admittedly paid and credited on the note, that is, the sum of $102.01, pays sixteen installments, plus $2.81 on the next, or up to and including April 1, 1942, and an advance payment of $2.81 on the May 1st installment. By crediting the three payments retained by the Genral Gas to this account, we find that all payments to August 1, 1942, to be fully paid, and an advance payment of $2.81 on the installment becoming due on August 1, 1942, or, in other words, thus making the action of plaintiff premature. It then becomes necessary to determine whether or not defendant is entitled to be credited for these sums. As far as the August remittance, it enters not in the discussion of the case in that it was forwarded well after the suit was filed, in fact, after service of citation.
As stated supra, the evidence clearly shows that a custom existed between the plaintiff and General Gas wherein General Gas would receive the remittances of defendant and General Gas would, in turn, remit then to plaintiff. Defendant was lulled into a safe position by this custom for more than sixteen months in remitting to General Gas her monthly payments.
Furthermore, it is shown that plaintiff and General Gas had a definite understanding and agreement between the two to the effect that plaintiff looked towards General Gas for the collection of these monthly installments and the repossessing of the property in the event of non-payment. In a letter of June 16, 1942, from General Gas to defendant, we find the following: "The Commercial Securities Company, who holds your note and a mortgage on the equipment which we sold you hasinstructed us to repossess the equipment. The original amount of your note, which was dated November 25, 1940, was $223.20, and the present balance on same is $121.19, of which amount $12.40 is past due. Please send us a remittance in this amount by return mail, or if you are unable to pay this amount, kindly sign the enclosed repossession authorization and we will sendour truck for the equipment. If this is not done within the next ten days, we will, without further notice, turn your noteover to our Legal Department for attention, * * * In addition to the above, * * * we took the $6.20 paid our Thibodaux Officeon March 28th for the Commercial Securities Company, * * *." (Italics ours.) This letter clearly shows the relationship of principal and agent.
We further find that pursuant to this letter, defendant, on June 25th, sent to the General Gas a money order for $6.20 to be credited to her installment note. General Gas, rather than transmit this amount to its principal, appropriates it to its own account.
It further appears that the note in question was thereafter placed in the hands of the "Legal Department" of the General Gas, and demand made by the "Legal Department" on behalf of the plaintiff July 10th. It was incumbent upon General Gas to have fully informed their "Legal Department" of their action in not remitting to their principal the payments of March 25 and of June 25. By crediting these two payments on the note, installment due on June 1st was fully paid, and a credit of $2.81 was to be applied on the installment due on July 1st. Technically, there was then due on the July 1st installment the sum of $3.39. Defendant had not been in the habit of paying the installments promptly. The evidence shows that for the past twelve months she was allowed to pay the installments on the 25th of each month. Neither the General Gas nor plaintiff complained about her payments. She then had reason to believe that her July installment was not past due on July 10, when either the General Gas or plaintiff placed her note in the hands of *Page 41 
their "Legal Department". Upon receipt of the demand of the attorneys, she, on July 25, sent to General Gas a remittance of $6.20, more than sufficient to pay the July installment. This installment payment was received by General Gas before the institution of the suit. We are therefore of the firm opinion that the judgment of the lower court dismissing plaintiff's suit as in case of non-suit to be correct.
 Prescription.
As stated supra, this suit was filed on July 28, 1942, and the judgment setting aside the writ of sequestration was rendered and signed on October 14, 1942. Plaintiff did not appeal either suspensively nor devolutively. Defendant filed her answer and reconventional demand on November 27, 1943, some 131/2 months after the judgment of October 14, 1942, was rendered and signed.
The lower court, in his written reasons, based his overruling of the plea of prescription on the fact that the main demand was still pending and awaiting trial, holding that the current of prescription on the claim for damages was suspended and cites the cases of Ethridge-Atkins Corp. v. Tilly, La. App., 178 So. 669, and Tyler v. Phillips, La. App., 150 So. 681.
In this court, defendant assumes the same position as taken by the trial court, arguing that the judgment rendered on October 14, 1942, was an interlocutory one, not having the force of res adjudicata, and cites the two cases relied upon by the trial judge and the case of Pittman v. Lilly, 197 La. 233,1 So.2d 88.
[2] Although a judgment dissolving a writ of sequestration is an interlocutory one, an appeal lies from such judgment. The jurisprudence entitles a party to such appeal, it being based upon the hypothesis that he may be deprived of some of his rights. If there were no danger of the loss of these rights and claims, there would be no necessity of issuing the sequestration. It stands logical, therefore, the only appeal from a judgment dissolving a writ of sequestration in order to safeguard such rights and claims must be the suspensive appeal. A devolutive appeal will avail the plaintiff nothing. A suspensive appeal must be taken within ten days, not including Sundays, after the judgment was rendered. When the reconventional demand was filed in this case, the delays for the taking of a suspensive appeal had elapsed for more than thirteen months.
[3, 4] The former jurisprudence was that prescription for the illegal issuance of the writ of sequestration began to run from the date of seizure. However, it is now settled jurisprudence of this State that prescription against suit for wrongful seizure under a writ of sequestration begins to run from the termination of litigation adjudicating the illegality of the seizure. See Burglass v. Villere, 170 La. 805, 129 So. 209; Tyler v. Phillips, La. App., 150 So. 681. The primary object of the motion or rule to set aside the writ of sequestration issued herein was to determine the legality of the issuance of the writ. This object was finally and definitely adjudicated by the judgment rendered on October 14, 1942, and which judgment is now final. Under the decisions supra, prescription began to run from that day, and more than a year having elapsed, the action for damages, if any defendant had, is now prescribed. The plea of prescription should have been sustained and defendant's reconventional demand dismissed.
We have no quarrel with the decision in the case of Ethridge-Atkins Corp. v. Tilly, La. App., 178 So. 669. The holding in that case is that during the pendency of the question of legality of the seizure, prescription is suspended. In the case at bar the legality of the seizure was definitely determined on October 14, 1942, and prescription began to run. Therefore the decision of that case cannot be said to be in conflict with our decision in the case at bar.
For these reasons assigned, it is ordered that the judgment appealed from in so far as it grants a judgment in favor of defendant and against the plaintiff in the sum of $400 is hereby annulled, reversed and set aside. It is ordered that the plea of prescription filed by plaintiff against the reconventional demand of defendant be and the same is hereby maintained, and, accordingly, *Page 42 
defendant's demand in reconvention is denied and is ordered dismissed.
It is further ordered that in all other respects, the judgment appealed form is affirmed.