**111 So.2d 320**

**Luke HERNANDEZ**

v.

**Mayo HARSON and H. Gordon Hamner, Jr.**

No. 43629.

Dec. 15, 1958.

On Rehearing April 27, 1959.

Pugh & Boudreaux, by Nicholas Pugh, Jr., Lafayette, for defendant-appellant.

Voorhies, Labbe, Voorhies, Fontenot & Leonard, Lafayette, for plaintiff-appellee.

SIMON, Justice.

This is a suit for damages against Mayo Harson, Sheriff of Lafayette Parish, and H. Gordon Hamner, Jr., arising out of an illegal and wrongful seizure of an automobile owned by plaintiff. Both defendants filed an exception of no right or cause of action which was sustained as to the defendant Sheriff but overruled as to his co-defendant. An exception of prescription was then filed on the latter's behalf and which was also overruled. After trial on the merits the lower court rendered judgment in favor of plaintiff for $2,649.64 with legal interest from date of judicial demand until paid. The aggregate amount awarded included $1,500 for humiliation, discomfort and inconvenience; $649.64 for depreciation in the value of the automobile seized, and $500 attorney's fees.

From this judgment defendant Hamner appealed. Plaintiff did not appeal from the judgment sustaining the exception of no cause or right of action as to the defendant Sheriff.

For purposes of clarity it is necessary to briefly review the case of Hamner v. Domingue, La.App., 82 So.2d 105, being a sequel to the present controversy, viz.: Hamner, plaintiff in the original suit, was the holder and owner of a promissory note, made and signed by Louis A. Domingue,

in the principal sum of $3,750, secured by a chattel mortgage of date August 19, 1953, affecting three passenger automobiles. Among the three automobiles included in this chattel mortgage was a Plymouth car, the motor number of which was incorrectly described. The original plaintiff, Hamner, brought a foreclosure suit via ordinaria to have the chattel mortgage recognized and enforced. In due course a judgment was obtained decreeing the validity of the chattel mortgage, and directing the Sheriff to seize and sell the mortgaged chattels. The Plymouth car was seized while in the possession of Hernandez, plaintiff herein, whereupon the latter and his mortgaged creditor filed a third opposition to set aside the seizure insofar as it affected his car.

It appears that plaintiff herein purchased the vehicle in question on August 22, 1953, two days after execution of the chattel mortgage, for $1,756 cash. The bill of sale correctly described it as to motor number, which was duly registered with the Motor Vehicle Division, following which Certificate of Title was issued to plaintiff, dated September 2, 1953, showing no encumbrance affecting said car.

After hearing, the district judge rendered judgment maintaining the third opposition, decreeing third opponent, plaintiff herein, the lawful title owner and holding invalid defendant's chattel mortgage as to this vehicle and further holding that the said mortgagor Domingue was not the title owner at the time it was mortgaged or at any time thereafter. The Court of Appeals, First Circuit, affirmed the judgment (Hamner v. Domingue, La.App., 82 So.2d 105) and we thereafter denied an application for a writ of certiorari.

It is manifest that the final judgment in the original case, supra, declaring the seizure of the Plymouth automobile void and invalid and that said vehicle on the date of the seizure was legally owned and possessed by plaintiff, is res judicata on the right to actual damages sustained by the true owner of the seized property. We adhere to this salutary principle of law recognizing that the owner of property is entitled to actual damages sustained where it is wrongfully seized by judicial process in a suit in which he is a stranger, his property being seized to pay the debt of a third person, the judgment debtor of defendant. Such a seizure is classified as a quasi offense, for which the seizing creditor is responsible in damages to the owner of the property seized. LSA–C.C. Art. 2315. Deliole v. Morgan, 2 Mart.,N.S., 24; Edwards v. Turner, 6 Rob. 382; Soniat v. Whitmer, 141 La. 235, 74 So. 916, 919. Quoting from the last cited case:

"It is clear that, where one has abused legal process and causes the property of a third person to be seized for the debts of another, and the third

person is compelled to go into court to maintain his title to the property seized and to have the illegal process set aside, a tort or quasi offense has been committed by the seizing creditor against the third person, for which he is responsible in damages, including attorney's fees."

See also Bailey v. Williams, 158 La. 432, 104 So. 197; Alfano v. Franek, 159 La. 498, 105 So. 598; General Motors Acceptance Corp. v. Sneed, 167 La. 432, 119 So. 417; Jones v. Dietrich, La.App., 2nd Cir., 186 So. 881, 883.

As was eminently said in the Jones case, supra: " * * * Any unlawful seizure of private property causes damage. It amounts to an invasion of private rights of that character which all the laws of the land are designed to prohibit. * * * "

Defendant skillfully argues that if the appellee sustained any damage as a result of the seizure, it was due to the action of the Sheriff in carrying out the judgment of the court ordering the seizure and sale of the property, and that he (defendant) is free from fault, negligence or bad faith neither alleged nor proved.

██ Defendant is unmindful of the fact that in his original suit against his mortgage debtor he sought and prayed not only for recognition of his mortgage but the enforcement thereof by seizure and sale. Obviously he had complete charge and control of the seizure pending the forced sale thereof. Being fully notified by the filing of the third opposition by plaintiff asserting ownership to the Plymouth car rather than releasing the seizure as to that item, pending determination of ownership, he allowed the retention thereof by the Sheriff for a period of twenty-one months, thus depriving plaintiff of the right of its possession, use and enjoyment. The damages sustained were the fault of the defendant, and he must bear the burden, certainly not plaintiff who was entirely blameless in the matter.

Passing to the plea of prescription filed by the defendant, it is contended that this action, being based upon an obligation springing from a quasi-offense, is prescribed by one year.

It is observed that in the third opposition filed in the original suit plaintiff, Hernandez, claimed $500 damages for deprivation of use of his car and for humiliation and embarrassment, and $500 attorney's fees for contesting the seizure, but reserving his rights to claim other damages sustained. The District Court made no award, but reserved to plaintiff his right to sue for his entire damages in a subsequent action, hence the present suit.

██ We concede that earlier cases relied on by defendant seemingly uphold his contention. Later decisions, however, have firmly established the rule that a party dam-

aged by an illegal seizure of his property may file suit within one year after the final termination of the litigation, or in other words, that the running of one year prescription begins not from the date of the illegal seizure, but from the time the rights of the parties are finally determined. Obviously, the measure of damages grows out not only from the wrongful seizure but its continued illegal detention, the loss and deprivation to which the owner is illegally subjected. The soundness of this rule is instantly apparent in that the owner of property illegally seized is incapable of ascertaining or knowing the quantum of damages he has sustained until his rights to its ownership have been definitively decreed.

In the case of Burglass v. Villere, 170 La. 805, 129 So. 209, 211, we said:

"  *   *   * If Burglass had merely reserved his rights to claim damages, instead of claiming them in his answer to the injunction suit, the period of prescription against the claim for damages would not have commenced until it was judicially determined that the injunction was obtained wrongfully. This case is not different from one in which tangible property is seized and the sale is arrested by an injunction and the property perishes or is destroyed because of the duration of the injunction. In Harvey v. Pflug, 37 La.Ann. 904, it was said:

" 'If any one under pretense of rights afterwards judicially determined to be unfounded, uses process of law to restrain another in the prosecution of a lawful claim, he cannot use the delay his own act has caused to defeat the claim he has wrongfully resisted. A party cannot provoke and protract litigation based on his refusal to deliver leased premises, and then avail himself of the lapse of time to avoid damages for his wrongful refusal. Prescription does not run pending the litigation thus provoked.'

"In Jones v. Texas & Pacific Railway Co., 125 La. 542, 51 So. 582, 583, 136 Am.St.Rep. 339, in which the decision itself is not appropriate here, the court quoted with approval Pothier, Prescription, No. 37, viz:

" 'Although the action has accrued (soit ouverte), so long as it cannot be usefully prosecuted, prescription does not run. The reason is that prescription is founded on the negligence of the creditor; and a creditor cannot be held to have been negligent in bringing his suit, so long as it was not possible for him to bring it usefully.' "

Also see Tyler v. Phillips, La.App. Orleans, 150 So. 681; Commercial Securities Co. v. Mattingly, La.App. 1 Cir., 26 So.2d 37.

■ We accordingly find no merit in the plea, plaintiff's suit having been filed well within the period of one year from the date of final judgment in the original suit, September 15, 1955 and the filing of the present suit, January 23, 1956.

In determining the quantum of damages to be awarded plaintiff and while concluding that plaintiff is entitled to recover the actual damages sustained, we are not unmindful of the difficulty experienced in fixing the amount with any certainty.

It is to be observed that the lower court awarded a lump sum of $2,649.64, and plaintiff submits that this amount is fair and reasonable. Though the award is not itemized, the minutes of the court reflect the respective amounts allowed for each item of damage claimed as hereinabove noted.

■■ Plaintiff is entitled to recover for humiliation, mortification and mental anxiety, and for physical discomfort and inconvenience as a result of the deprivation of use and enjoyment of his car during the twenty-one month period of the seizure and its detention. Such an item is not confined to proof of actual pecuniary loss. It is true that there is no proof of malice nor was the seizure characterized by harshness and total disregard to the interests of plaintiff. Yet it was illegally and wrongfully executed, coupled with the continued deprivation of its use for an extended period of time, sufficient to have caused mortification, annoyance and physical discomfort. It undoubtedly caused an unwarranted constant reminder that his property had been forcibly removed from his rightful possession and placed under legal surveillance. We feel that an adequate recovery on these items is an award of $1,000.

■ As to the item of depreciation during the twenty-one month period during which the car was held in the custody of the Sheriff, we find uncontroverted testimony that a new automobile, such as was involved herein, is depreciated $33\frac{1}{3}$ percent during the first year, or $\frac{1}{12}$th of $33\frac{1}{3}\%$ for each month of that year, and 16% during the second year, or $\frac{1}{12}$th of 16% for each month of that year. The car was purchased on August 22, 1953, for $1,756 and seized on December 8th of that year. It was released from seizure in September, 1955. It is shown that plaintiff used the car from August 22, 1953, to December 8, 1953, the date of its seizure, or approximately four months. Accordingly, plaintiff is entitled to recover for depreciation during the first year a total of eight months of that year, and computed from the above, an amount of $390.16. For the second year, using the computation as above shown, or a total of twelve months (August 22, 1954 to September, 1955), the amount of depreciation is $280.96, making a total aggregate of $671.12 to be thus awarded. Chachere v. Moses George & Son, La.App., 171 So. 178.

We fail to find any award made by the lower court for reimbursement of $56.-50 allegedly paid by plaintiff as court cost in connection with the original suit by way of third opposition. Not having appealed from or complained of the judgment, plaintiff is not entitled to recovery in that respect.

The last item of damages is that of attorney's fees in the sum of $500 for the successful processing of the third opposition.

The record shows that plaintiff contracted with his attorneys of record following the illegal seizure of his car, to institute proceedings seeking its release, its possession regained, and for damages sustained, including attorney's fees. Under this contract plaintiff paid his attorneys $500 cash. A petition of intervention and third opposition was filed seeking to have defendants' chattel mortgage declared invalid as to said Plymouth automobile, the seizure decreed illegal, its possession restored to plaintiff and for $500 damages as attorney's fees, with reservation of his rights to sue for additional damages sustained. The final judgment rendered in part therein reserved to plaintff the right to sue for all damages sustained through the wrongful seizure.

Ordinarily, in all civil actions, attorney's fees are not allowed in the absence of statute or contract. Smith v. Atkins, 218 La. 1, 48 So.2d 101 and authorities therein cited.

However, our jurisprudence has wisely prescribed exceptions such as where restraining orders or conservatory writs have been dissolved, and where the owner of property is compelled to enjoin the seizure and sale in order to release his property, and in such instances attorney's fees are recoverable as damages. Smith v. Atkins, supra.

In Soniat v. Whitmer, supra, we said [141 La. 235, 74 So. 919]:

"The general rule is that a litigant must pay his attorney. Attorney's fees are not parts of taxed costs in a suit. And such fees have not been construed as damages, except in those cases where a litigant has abused legal process and the other is compelled to go into court to have the illegal process set aside. In cases where a tort, or quasi offense has been committed, and the property of a third person has been seized for the debt of another, and the owner of the property invokes the process of the court to maintain his possession and ownership, the latter should be allowed reasonable attorney's fees, as damages. * * *"

In Bailey v. Williams, supra, we held that a third opponent upon regaining possession of his cattle, which had been provisionally seized, was entitled to recover attorney's fees as an element of damages, and we therein recognized that it is not required

that the third opponent secure an injunction. Therein we said [158 La. 432, 104 So. 197]:

"Robinson and McVay by way of third opposition claimed to be the owners of the cattle, free from any lessor's privilege in favor of plaintiff for the rent due by Williams. * * *

"The opponents have asked for damages on account of the seizure of their cattle. They are clearly entitled to attorney fees.

"Where property belonging to a third person is illegally seized and the owner is forced to go into court to obtain the release of the seizure, he is entitled to attorney fees as damages. Soniat v. Whitmer, 141 La. 235, 236, 74 So. 916; Ludeling v. Garrett, 50 La.Ann. 118, 23 So. 94; Gilkerson-Sloss Commission Co. v. Yale, 47 La.Ann. 690, 17 So. 244."

Also see General Motors Acceptance Corp. v. Sneed, supra; Tilly v. Woodham, La.App. 2nd. Cir., 166 So. 876; Bruigier v. Miller, 114 La. 419, 38 So. 404; Sims v. Matassa, La.App. 1st Cir., 200 So. 666.

In the case at bar, defendant resorted to the harsh and powerful weapon of seizing the property to another to pay the debt of a third person. Plaintiff was an innocent party to the proceedings emanating from the original suit, totally unaware of what had transpired until his property had been forcefully seized, and deprived of its use and enjoyment. Faced with such a trespass, a violation of his rights secured by law, he was thus forced to employ counsel to regain that which he was forcefully deprived of by the unlawful act of the defendant. The employment of counsel was to initiate such proceedings, as was the third opposition filed herein, seeking the release of the seizure and the recognition of his right to possession and enjoyment of what was rightfully his. It is inconceivable that the lawful owner of property, illegally seized to pay the debt of a third person, can be deprived, as an element of damages, the fees of an attorney incurred in preventing a continuing unlawful invasion of his rights.

The case of Smith v. Atkins, supra, is not apposite. In that case attorney's fees were denied because the writ of seizure had become dissolved by virtue of a decision on the merits, and under such circumstances attorney's fees for dissolving the seizure could not be distinguished from attorney's fees for defending the merits of the suit.

In the instant case, the third opposition produced the dissolution of the writ of seizure wrongfully issued. This was the sole objective, and culminated successfully in the release thereof and the regaining of the property by its legal owner.

For the reasons assigned the judgment appealed from is amended by decreasing the amount thereof from $2,649.64 to $2,-

171.12, with legal interest thereon from date of judicial demand until paid and all costs, and, as thus amended, it is affirmed.

Amended and affirmed.

## On Rehearing

PONDER, Justice.

We granted a rehearing in this case limited to the question of whether or not the award of attorney's fees was well founded. As pointed out in the original opinion, the present suit is a sequel to the case of Hamner v. Domingue reported in La.App., 82 So.2d 105, wherein a detail of the facts is stated. We will, therefore, not set out in detail all of the facts except those pertinent to the issue of attorney's fees.

Hamner held a chattel mortgage on three automobiles, among those automobiles included in this mortgage was a 1953 Plymouth, the motor number of which was incorrectly described. Hamner brought foreclosure proceedings via ordinaria seeking to have the chattel mortgage recognized and enforced. Upon hearing of this suit, the lower court gave judgment recognizing the validity of the mortgage and directing the sale of the mortgaged cars. The Plymouth car was seized while in the possession of Hernandez and thereupon Hernandez interposed a third opposition claiming to be the owner of the car, asking for the seizure to be set aside insofar as it affected this car, and for damages and attorney's fees. Hernandez did not enjoin the seizure and no effort was made on the part of Hamner or the seizing officer to sell the car prior to the hearing in the lower court on this opposition. Upon hearing of the opposition, the lower court gave judgment in favor of Hernandez, recognizing him to be the owner of the car and ordering same delivered to him. The lower court did not award damages in that suit but reserved Hernandez' right to sue for damages in separate proceedings. An appeal was taken and the judgment was affirmed by the court of appeal, Hamner v. Domingue, supra. Thereafter, the present proceedings were instituted seeking damages and attorney's fees, and, upon trial of same, the lower court awarded damages to Hernandez, included in which was an award of $500 in attorney's fees. On appeal this Court affirmed the judgment insofar as these attorney's fees were allowed. Upon reconsideration, in pursuance to an application for rehearing, a rehearing was granted limited solely to the correctness of the allowance of attorney's fees.

It is well recognized in the jurisprudence of this Court that as a general rule attorney's fees are not allowed except where authorized by statute or contract. Rhodes v. Collier, 215 La. 754, 41 So.2d 669; Efner v. Ketteringham, 217 La. 719, 47 So.2d 331; Brantley v. Tugwell, 223 La. 763, 66 So.2d 800; Griffin v. Bank

of Abbeville & Trust Co., 228 La. 857, 84 So.2d 437; Chauvin v. LaHitte, 229 La. 94, 85 So.2d 43; McNeill v. Elchinger, 231 La. 1090, 93 So.2d 669; Breaux v. Simon, 235 La. 453, 104 So.2d 168. A well recognized exception to this rule is that attorney's fees are allowed as damages when conservatory writs have been dissolved on motion and not on defenses applicable to the merits. Brantley v. Tugwell, supra; Edwards v. Wiseman, 198 La. 382, 3 So.2d 661. However, there is considerable conflict in the jurisprudence as to other exceptions to this rule. A reading of the various opinions handed down by this Court in this respect reveals that attorney's fees have been allowed when injunction proceedings have been instituted to prevent the seizure and sale of property owned by a third person. In some cases when the injunction is maintained attorney's fees were allowed and in other cases attorney's fees were only allowed as an element of damages where the injunction was dissolved on hearing of the merits. The two different views in this respect are thoroughly pointed out in the cases of Soniat v. Whitmer, 141 La. 235, 74 So. 916 and Jackson v. Bouanchaud, 178 La. 26, 150 So. 567. In the dissenting opinions of the then Chief Justice written in both of these cases, it is stated that the Court should avail itself (at that time) of the opportunity to overrule one line or the other of the conflicting decisions reviewed in those cases.

We do not feel that it would be appropriate in this case to decide which line of jurisprudence should be followed in such injunction proceedings because we do not have such issue before us and any comment that we might make would be merely obiter dictum.

There is also a conflict in the decisions of this Court as to whether attorney's fees should be allowed in cases of the unlawful seizure of the property of a third party. It would appear that in these cases the basis of the award is that the seizure was made without probable cause, or the exercise of due diligence, or with malice and wanton disregard for the rights of others. This line of cases holds that such action is forcible trespass or tort giving rise to punitive damages. It is questionable whether these decisions are correct under our law.

■ However, we find no decision of this Court wherein attorney's fees were allowed as an element of damages where an intervention or a third opposition was maintained upon a hearing of the merits. In fact, this situation merely resolves itself into a suit to try title to property. Attorney's fees should not be allowed as an element of damage in this case for the further reason that the seizing creditor acted in good faith and without malice, nor was the seizure characterized by harshness and total disregard for the interests of Hernandez.

· We do not think that the cases cited on original hearing are pertinent. In Smith v. Atkins, 218 La. 1, 48 So.2d 101, attorney's fees were not allowed, the court pointing out that they were not incurred solely on dissolution of a conservatory writ *prior* to trial of the merits. Injunctions were obtained by the third opponent in the cases of Soniat v. Whitmer, 141 La. 235, 74 So. 916; Bailey v. Williams, 158 La. 432, 104 So. 197; Ludeling v. Garrett, 50 La. Ann. 118, 23 So. 94, and Gilkerson-Sloss Commission Co. v. Yale, 47 La.Ann. 690, 17 So. 244. In the case of General Motors A. Corp., v. Sneed, 167 La. 432, 119 So. 417, the court correctly allowed attorney's fees incurred for the dissolution of a writ of attachment. No claim for attorney's fees was made in Bruigier v. Miller, 114 La. 419, 38 So. 404, and it is not in the least applicable. The holding in Tilly v. Woodham, La.App., 166 So. 876, allowing attorney's fees for the wrongful seizure of a third person's property without the necessity of securing an injunction, is based on the holding in Bailey v. Williams, supra, apparently, on the trespass theory since the car seized in the Tilly case was transiently on the property of the debtor and the court felt that it was wantonly seized. This is unlike the situation under consideration where there was no malice, and on this premise the Tilly case may be distinguished, although we doubt the correctness of that holding. The case of Sims v. Matassa, La. App., 200 So. 666, 668, relied upon the holding in Bailey v. Williams, supra and Soniat v. Whitmer, supra. It was pointed out in the Sims case that "the attorney fees to which she (third opponent) is entitled are those incurred by her in obtaining the release of her property from seizure and not those for the services rendered in the trial of the case after the seizure was released."

Irrespective of the conflict in the jurisprudence as to when attorney's fees are allowed as damages, we do not feel disposed to extend another exception to the general rule that attorney's fees are not allowed except by statute or contract. In fact, it appears to us that too many exceptions have already been recognized to this general rule which should be clarified when the proper issues are presented. We consider the appropriateness of clarifying the conflict in the jurisprudence respecting the exceptions to the general rule but arrived at the conclusion that any comments made regarding exceptions to this rule not expressly raised by the issue in this case would be mere obiter.

For the reasons assigned, our original decree is amended by reducing the award to $1,671.12, and as thus amended it is affirmed.

SIMON, J., dissents and adheres to the original opinion.