PONDER, Judge.
Plaintiffs have appealed from the denial of damages and attorney’s fees for the wrongful seizure of property belonging to them.
The issues are: (1) damage (2) attorney’s fees.
We amend and affirm.
Raymond Peterson, a neighbor of Juanita Gatlin, had lent to her over a period of years a color television, and two air conditioners. While helping Mrs. Gatlin’s son, Stanley Tuttle, do some repair work on a bathroom, he had also brought over a radio cassette recorder so they could listen while working.
Defendant had previously obtained a judgment against Mrs. Gatlin but had been unable to get it satisfied. The credit manager for the defendant secured a writ of fi. fa. and accompanied the deputy sheriff to point out the articles to be seized. At first only the credit manager, the deputy sheriff and Mrs. Gatlin were present; however, Mr. Peterson came in and claimed that some of the seized items belonged to him. When he was unable to produce proof of ownership, the credit manager proceeded with the seizure. Mr. Tuttle, Mrs. Gatlin’s son, claimed ownership of a stereo that was seized.
The lower court issued a rule to show cause why the sale of the claimed items should not be enjoined. The disposition of that rule is not shown. However, on trial of the merits, the court ordered return of the claimed items. Since the defendant has neither appealed nor answered the appeal, we believe this part of the judgment to be no longer an issue.
However, the plaintiffs appealed and asserted they were entitled to damages and attorney’s fees.
One whose property has been subjected to an illegal seizure for the debt of another is entitled to damages for humiliation, mortification, mental anxiety and the deprivation of use and enjoyment of the property. Hernandez v. Harson, 237 La. 389, 111 So.2d 320 (1959). Malice or bad faith is not required. Escat v. National Bank of Commerce in New Orleans, 284 So.2d 832 (La.App. 4th Cir., 1973).
Although there are some court of appeal cases to the contrary,[1] the latest Supreme Court case on the question of attorney’s fees in the contesting of an illegal seizure is Hernandez v. Harson, supra, which followed the general rule that such fees are not allowed unless authorized by statute or contract and expressed doubt of the correctness of some of the cases cited by plaintiffs but did not overrule them. Under these circumstances we believe the lower court was correct in disallowing these fees.
For these reasons the judgment in favor of Raymond Peterson is amended to award $500.00 damages. The judgment in favor of Stanley Tuttle is amended to award $250.00 damages. As amended the judgments are affirmed. Appellee is cast with costs.
AMENDED AND AFFIRMED.

. Cox v. Smith, 275 So.2d 459 (2d Cir., 1973); Walker v. J. J. Eilis Lake Providence Furniture Corp., 107 So.2d 550 (2d Cir., 1958); Skelley v. Accounts Supervision Co., 53 So.2d 520 (2d Cir., 1951); and Gunn v. Credit Service Corp., 46 So.2d 628 (2d Cir., 1950). The Third Circuit refuses attorney’s fees in fieri facias cases. Dubois v. Travelers indemnity Co., 261 So.2d 94 (3d Cir., 1972) and Moses v. American Security Bank of Ville Platte, 222 So.2d 899 (3d Cir., 1969).