LOTTINGER, Judge.
This is an appeal from a judgment granting damages for wrongful seizure. The trial judge awarded the plaintiffs Kermit and Geneva Dawson, $6,000.00 less a credit to the defendant, Felix Piazza d/b/a Commercial Finance Company, for the unpaid balance on a promissory note executed by the plaintiffs. Defendant has appealed.
Factually, Kermit and Geneva Dawson executed a promissory note on November 19, 1969 for $1,080.00 secured by a chattel mortgage covering various household articles. Defendant filed for executory process on November 8, 1972 for the remainder of the unpaid balance due on the note, $740.00 plus interest and attorney’s fees. Based on the chattel mortgage, plaintiffs’ articles were seized by the sheriff on November 9, 1972. The sheriff’s return states the following articles were seized:
One Kelvinator electric refrigerator
One Wizard gas range
One above ground butane gas tank
One Philco electric refrigerator
One Kelvinator wringer washer
One 5500 Rolaire fan
One mahogany cedar chest
Two mahogany tables
One GE TV and antenna
One Olympic radio-stereo
One upholstered rocker
One complete mahogany bedroom suite
On December 4, 1972 plaintiffs’ attorney informed defendant through his attorney that several of the items seized were wrongfully taken. On December 7, 1972 defendant returned a butane tank which plaintiffs asserted belonged to a relative. The sheriff sale scheduled for December 13, 1972 was halted, and all items seized from the plaintiffs were returned on March 21, 1973.
On appeal appellant alleges that the trial court erred in (1) finding that the seizure under a writ of executory process was wrongful and (2) awarding damages; and alternatively in awarding excessive damages.
ERROR NO. 1
The trial judge in his written reasons for judgment held:
“Although defendant denied the seizure was illegal and not excessive, the preponderance of the evidence is clear that some household items were seized ostensibly as being listed on the chattel mortgage— though they clearly were not. See e. g. the television, some beds, and one butane tank.”
Appellant’s evidence demonstrates that the wrongfully seized articles were two beds, one Philco television set, and one butane tank.[1] There is no doubt that the seizure was excessive since neither the beds, the television set, nor the butane tank which belonged to a third party, were listed in the chattel mortgage.
Appellant argues that only the one bedroom set listed in the chattel mortgage was actually seized; however, the factual conclusion of the trial judge that “some beds” were seized based on the testimony of the plaintiffs lies within the discretionary determinative powers of the trial court, and we find no manifest error in this conclusion. Therefore, this court finds that the trial judge based on the evidence presented did not err in holding that the two beds, the television set, and the butane tank were wrongfully seized.
*285 ERROR NO. 2
In determining damages for wrongful seizure, the jurisprudence is consistent in awarding general damages for humiliation, embarrassment, mental torment, depression, inconvenience and worry. Hernandez v. Harson, 237 La. 389, 111 So.2d 320 (1958), Mid-State Homes, Inc. v. Bice, 361 So.2d 275 (La.App. 1st Cir. 1978), Peterson v. Olinde Hardware and Supply Co., Inc., 356 So.2d 92 (La.App. 1st Cir. 1978) writ denied 357 So.2d 1169 (La.1978). Also, in Hernandez, supra, the Supreme Court in measuring damages considered the duration of the illegal retention of the articles.
Appellant is correct in asserting that the award for damages should not include the seizure of the butane tank. The tank belongs to a third party who is not a member of the suit.
As to the seizure of the two beds and the Philco television set, this court finds the award of $6,000.00 grossly excessive and thus an abuse of discretion on the part of the trial judge.[2] The wrongful seizure of two beds and a TV set caused only a minute part of the mental torment, depression, embarrassment and humiliation suffered by the plaintiffs upon the execution of the writ and seizure of those- household ■articles which were actually listed on the chattel mortgage.
In determining that the trial judge abused his discretion, this court follows the principle established in Miller v. Thomas, 258 La. 285, 246 So.2d 16 (1971) that “the awards in other cases serve only as an aid in determining whether there has been an abuse of discretion and rivet no steel frame of uniformity.” In Peterson v. Olinde Hardware and Supply Co., Inc., supra, the plaintiffs’ movable property, a color television set, two air conditioners and a radio cassette recorder, was wrongfully seized and this court deemed $750.00 sufficient to compensate the plaintiffs. For the wrongful seizure of vehicles, the awards for damages in the area of invasion of rights, embarrassment, humiliation, and inconvenience, range from $100.00 to $1,000.00. Hernandez v. Harson, supra, Ford Motor Credit Company v. Hogg, 351 So.2d 1324 (La.App. 2nd Cir. 1977), Samaniego v. Horseless Carriage, Inc., 350 So.2d 193 (La. App. 2nd Cir. 1977) writ refused 352 So.2d 240 (La.1977), Hancock Bank v. Alexander, 344 So.2d 21 (La.App. 3rd Cir. 1977).
Recently in Parker v. Travelers Insurance Co., 369 So.2d 1120 (La.App. 1st Cir. 1979), this court stated:
“In considering the award for general damages, we will allude briefly to our duty as a reviewing court. We have come from the doctrine of uniformity of awards, Grissom v. Heard, 47 So.2d 108 (La.App. 1 Cir. 1950), through the philosophy of Gaspard v. LeMaire, 245 La. 239, 158 So.2d 149 (1963), that previous awards should be used only as an aid in determining whether the trier had abused its ‘much discretion,’ LSA-C.C. art. *286 1934(3), to the current rule of Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1976), which purports to clarify the Gaspard v. LeMaire admonition. Under the Coco doctrine, while we might modify the damage award of the trier if it is inadequate or excessive after a Gaspard examination, w.e must first find, in order to modify an award for general damages, an abuse of the trier’s discretion, and then limit our modification to an increase or decrease so that it comes within our determination of the minimum or maximum amount which would not have constituted such abuse had it been granted by the trier.”
After reviewing the recent jurisprudence in the area of wrongful seizure of movable property, we find that the trial judge abused his discretion by exceeding the normal range of awards for general damages, $750.00 to $1,000.00. An award of $6,000.00 is grossly excessive in light of the objects taken and the duration of the seizure. Thus, this court determines that to justly compensate the plaintiffs with a reasonable award, Kermit Dawson is entitled to $750.00 and Geneva Dawson is entitled to $500.00, a total of $1,250.00 less $740.00, the balance due on the promissory note.
As to the award of attorney’s fees the trial judge granted Kermit Dawson “attorney’s fees to stop wrongful seizure— $1,000.00.” This award has been deleted from this court’s award for damages based on Hernandez v. Harson, supra, and Peterson v. Olinde Hardware and Supply Co., Inc., supra.
Therefore, for the above and foregoing reasons the judgment of the trial court is affirmed and amended to read as follows; IT IS ORDERED, ADJUDGED and DECREED that judgment is hereby rendered in favor of Kermit Dawson and Geneva Dawson against the defendant, Felix Piazza d/b/a Commercial Finance Co., in the sum of $1,250.00, subject to a credit of $740.00 or a net of $510.00 plus legal interest from judicial demand; appellees to pay all costs.
AMENDED AND AFFIRMED.

. Defendant had already removed a butane tank from the plaintiffs’ premises; however, the trial judge did not hold the seizure wrongful, and no appeal has been taken on this issue.

. The trial judge itemized the damages as follows:
“A. To Kermit Dawson:
(1) Invasion of inherent property rights_„_ $1,000.00
(2) Mental torment, depression and suffering _ 750.00
(3) Embarrassment and humiliation 250.00
(4) Trespass by seizing wrong property _ 500.00
(5) Attorneys fees to stop wrongful seizure_ 1.000.00
$3,500.00
Less one-half bal. due the defendant on note_370.00
Total due Kermit Dawson_ $3,130.00
“B. Geneva Dawson:
(1) Invasion of inherent property rights ,__ $1,000.00
- (2) Mental torment and suffering_ 500.00
(3) Humiliation and embarrassment 250.00
(4) Wrongful trespass and seizure_750.00
$2,500.00
Less one-half bal. due the defendant on note_370.00
Total due Geneva Dawson_$2,130.00”