EDWARDS, Judge.
Plaintiffs, Reid and Vicki Allain, filed this suit seeking damages for the wrongful seizure of their property. This action is preceded by almost seventeen years of protracted litigation following the seizure of the Allains’ property via an executory proceeding initiated by First Guaranty Bank in 1974. Finding that this suit was untimely filed, we reverse the trial court’s ruling on the issue of prescription.
FACTS AND PROCEDURAL HISTORY
On July 31,1974, First Guaranty brought an executory proceeding, bearing docket number 44,852, against the Allains, foreclosing on a collateral mortgage and seeking to have certain immovable property belonging to the Allains seized and sold, without benefit of appraisal. At the time, the Allains were nonresidents of the state of Louisiana, and they were represented by their court-appointed attorney ad hoc, Mack McCraney. Notice of seizure and sale was *1110 served on McCraney on August 2, 1974. On August 9, 1974, suit number 44852 was voluntarily dismissed without prejudice by First Guaranty, and a new suit, bearing docket number 44,944, was filed on August 13, 1974, seeking seizure and sale of the Allains’ property with appraisal. Again, McCraney was appointed attorney ad hoc and notice of seizure and sale in this suit was served on him on October 17, 1974. The property was sold with appraisal at sheriffs sale on December 4, 1974.
On December 18, 1974, First Guaranty filed an action for deficiency judgment as part of suit number 44,944. This petition was served personally on the Allains, who had moved back to Louisiana. The Allains, in answer filed on April 2, 1975, contested First Guaranty’s application for a deficiency judgment alleging irregularities in the proceeding for executory process and deficiencies in the appraisal of the property. The trial court rendered judgment on July 18, 1977, in favor of the Allains, dismissing First Guaranty’s application for deficiency judgment. That judgment was affirmed, in an unpublished opinion, by this court on March 5, 1979,[1] and the Louisiana Supreme Court denied First Guaranty’s application for writ of certiorari on May 21, 1979.
On May 21, 1980, Reid Allain filed the present suit (No. 59,317) against First Guaranty seeking damages for the wrongful seizure of his property. The original petition was subsequently amended to include several additional defendants,[2] and seeking, in addition to damages, the return of the property and, in the alternative, indemnification for his losses resulting from the wrongful seizure and sale and subsequent resale of his property. The amended petition also included additional causes of action: a violation of LSA-R.S. 51:1409 (Louisiana Unfair Trade Practices and Consumer Protection Act) and deprivation of his property without due process of law, a violation of 42 U.S.C. § 1983.
First Guaranty filed peremptory exceptions to each of plaintiff’s claims, raising the objections of prescription and no cause of action; these exceptions were dismissed by the trial court. First Guaranty also filed a reconventional demand urging the continued efficacy of the original obligation, despite the nullity of the executory process. In answer, First Guaranty raised the affirmative defense of compensation and offset predicated on its contention that the note and mortgage on which the exec-utory proceeding was based remains unsatisfied and is a valid obligation owed to it by the Allains.
After numerous peremptory and declina-tory exceptions and various amended and supplemental pleadings, trial on the merits was held, before a jury, on March 13, 14, and 15, 1989. At the conclusion of the plaintiffs’ case, First Guaranty moved the court, as follows:
1. For directed verdict dismissing plaintiffs’ claim as to damages resulting from unfair trade practices;
*1111 2. For dismissal of the claim for damages as being deprived of property without due process by not being given notice of sale;
3. For directed verdict on claims for damages arising out of deficiency proceedings;
4. For dismissal of the claim for damages resulting from wrongful seizure; and,
5. For dismissal of the whole matter on the basis of prescription.
The court took all five motions under advisement and instructed the defense to proceed with its case. At the conclusion of the defendant’s case, the counsel for the plaintiff requested dismissal of the recon-ventional demand. That motion was also taken under advisement. At the conclusion of all evidence, out of the presence of the jury, the court ruled on the motions as follows:
1. For dismissal of claims for unfair trade practices — granted;
2. For dismissal of damages for being deprived of property without due process by not being given notice of the sale— granted;
3. For dismissal of damages arising out of deficiency proceedings — granted;
4. For dismissal of claims for damages arising out of wrongful seizure — denied;
5. For dismissal of the whole action on the basis of prescription — denied; and,
6. For plaintiffs’ request for a dismissal of the reconventional demand — denied.
At the conclusion of the deliberations, the jury returned a verdict in the form of special interrogatories finding that the plaintiff did not prove that the property of the plaintiff was illegally seized and sold, and further that the plaintiff did not prove that Mack McCraney was negligent.
Accordingly, no damages were awarded. Judgment was signed in conformance with these decisions on April 17, 1989. An amended judgment was signed on May 1, 1989. It is from this judgment of May 1, 1989, that the Allains appeal and which appeal First Guaranty has answered.
In answer to the appeal, First Guaranty urges that the trial court erred in dismissing its exceptions of prescription. Because we find merit in the argument that the whole matter has prescribed, we address that issue, and pretermit discussion of the Allains’ numerous assignments of error.
PRESCRIPTION
Allain filed this action in May, 1980, almost six years after the seizure of his property. It is uncontested that the one-year prescriptive period for a cause of action arising ex delicto is applicable to this matter. LSA-C.C. art. 2315. The date on which the prescription for delictual actions begins to run was governed by former Civil Code art. 3537, which provided that prescription runs “from (the day) on which the injurious words, disturbances, or damage were sustained.” [3]
Plaintiff-appellant contends that his damage was not sustained, and prescription did not begin to run until May 21, 1979, when the Louisiana Supreme Court denied First Guaranty’s application for writs following its action for a deficiency judgment. Plaintiff, relying on Hernandez v. Harson, 237 La. 389, 111 So.2d 320 (1958), urges that his action filed one year later, on May 21,1980, is timely.
In Hernandez, our Supreme Court pronounced: “Later decisions, however, have firmly established the rule that a party damaged by an illegal seizure of his property may file suit within one year after the final termination of the litigation, or in other words, that the running of one year prescription begins not from the date of the illegal seizure, but from the time the rights of the parties are finally determined.” Hernandez, 111 So.2d at 323.[4]
*1112 Hernandez’s property was seized pursuant to a foreclosure suit seeking recognition of a chattel mortgage and enforcement thereof by seizure and sale. Hernandez filed a third party opposition claiming that he was the lawful title owner of the property seized and that defendant’s mortgage was, therefore, invalid. Hernandez prevailed in a judgment rendered on September 15, 1955. Hernandez then filed his own action, seeking recovery for damages sustained as a result of the seizure, within one year from the date of the judgment declaring him to be the lawful owner of the property seized. The court held that his action was timely.
The result in Hernandez, supra, is not warranted when there is no litigation initiated, following the seizure of property, to determine the lawful rights of parties involved.[5] In Tapp v. Guaranty Finance Company, Inc., 158 So.2d 228, 236 (La. App. 1st Cir.1963), cert. denied, 245 La. 640, 641, 160 So.2d 228 (1964), we analyzed such a situation:
“Plaintiff in the case at bar sought no relief by a suspensive appeal nor injunc-tive process from the order of executory process, seizure and sale of his automobile as a result of the suit which was filed on April 9, 1957. Therefore, his action for damages as a result of illegal orders, seizure and sale of his property prescribed in one year from the date of illegal seizure. Under the Hernandez case, had there been litigation, the prescriptive period would have been one year after the final termination of such litigation.” (emphasis added)
If these precepts are applied to the case at bar, the Allains’ action would have prescribed one year from the date of the seizure. However, the facts and circumstances of this case are so extraordinary as to preclude the application of the specific ruling on the commencement of prescription in Hernandez and Tapp, supra.
The Allains contend that they did not have the opportunity either to enjoin the sale or suspensively appeal the order directing that a writ of seizure and sale issue, because they never received notice of the second suit, seeking seizure and sale with appraisal. The facts pertaining to the notice received by the Allains are as follows:
By way of letter dated July 31, 1974, Mack McCraney notified the Allains that a suit had been filed against them in Louisiana, foreclosing on their mortgage and seeking the seizure and sale of their property, without appraisal. Mr. Allain admitted receiving the letter at his home in Mississippi and acknowledged that it put him on notice that proceedings had been instituted against him for the seizure and sale of his home.
Within a few days from receipt of McCraney’s letter, Allain went to Hammond, Louisiana, to meet with McCraney. At that time, McCraney had received notice that the first suit had been dismissed, and he had been served with the petition initiating seizure and sale of the Allains’ property with appraisal; however, he failed to inform Allain of these procedural developments. According to Allain, he advised McCraney that he would take care of the matter himself. He then sought advice from attorney Gordon Matheny and based on his understanding that the suit was without appraisal, Allain decided not to initiate litigation to oppose the seizure and sale, pursuant to La.C.C.P. art. 2642. Al-lain urges that had he had notice of the suit seeking seizure and sale with appraisal, he would have initiated litigation in opposition, thereto.
Since executory process is a harsh remedy, due process demands strict compliance *1113 with the provisions of law authorizing it. Neff v. Ford Motor Credit Company, 347 So.2d 1228 (La.App. 1st Cir.1977). See Mullane v. Central Hanover Bank & Trust Company, 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950); Fuentes v. She-vin, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972). Although McCraney was properly served pursuant to La.C.C.P. arts. 2674 and 2641, his failure to convey this notice to the Allains prevented them from taking action which, if taken, would have postponed the commencement of prescription.[6]
Since the requirement of notice in exec-utory proceedings is one of constitutional dimension, the lack of notice in this case precludes the application of the jurisprudential rule in Hernandez and Tapp, supra.
Therefore, we apply La.C.C. art. 3537[7] which provides that prescription in this case runs “from ... (the day) on which the injurious words, disturbances, or damage were sustained”. On April 2, 1975, in answer to First Guaranty’s action for deficiency judgment, the Allains extensively detailed the alleged deficiencies in the second executory proceeding. Therefore, prescription started running, at the latest, on April 2,1975, since they had full knowledge of all defects in the executory proceedings at that point. See Rayne State Bank and Trust Company v. National Union Fire Insurance Company, 483 So.2d 987 (La.1986).
Since this action was untimely filed, we reverse the ruling of the trial court which dismissed First Guaranty’s exception of prescription. Plaintiff-appellants, the Al-lains, are assessed with all costs of this appeal.
REVERSED.

. The Court found that the executory proceedings were based on insufficient and non-authentic evidence, and were thereby rendered null; therefore, the bank was not entitled to a deficiency judgment. First Guaranty Bank of Hammond v. Reid P. Allain, Court of Appeal, First Circuit No. 12535.
We note that, under the law as it exists today, such deficiencies in executory proceedings do not automatically prohibit a creditor, who has otherwise complied with appraisal requirements from obtaining a deficiency judgment. See First Guaranty Bank v. Baton Rouge Petroleum Center, 529 So.2d 834, 842 (La.1987) overruling League Central Credit Union v. Montgomery, 251 La. 971, 207 So.2d 762 (La.1968).

. The additional defendants named were Mack McCraney, for negligence in the performance of his duties as curator; Charles Strong Andrews and Joyce Dell Bean Andrews and Florida Parishes Homestead Association. The Andrews are third party purchasers who bought the Allains’ property from First Guaranty on April 11, 1975. The bank (First Guaranty) had acquired ownership of the property at the sheriff's sale on December 4, 1974.
In February, 1985, First Guaranty re-purchased the property from the Andrews and resold it in July, 1985, to Robert P. and Mary Brooks Rodrigue, who were subsequently named defendants by an amending petition. Vicki Allain, Reid’s wife at the time of seizure, was also subsequently added as a party plaintiff. Various additional pleadings were filed, however, a discussion of these demands and the parties they involve are not pertinent to the understanding or resolution of this matter.

. LSA-C.C. art. 3537 was reenacted without substantive change in 1984, as LSA-C.C. art. 3492, which now provides that prescription commences to run "from the day injury or damage is sustained."

. The court's pronouncement in Hernandez initiated a slight departure from the former hard fast rule that prescription for a wrongful seizure commences on the date of the seizure. See Crowe v. Manning, 45 La.Ann. 1221, 14 So. 122, *1112 124 (1893). De Lizardi v. New Orleans Canal & Banking Company, 25 La.Ann. 414, 416, 33 La. Rpts. 287, 288 (1873); Martenis v. American Rice Milling Company, 178 So. 206, 208 (La.App. 1st Cir.1938).

. LSA-C.C.P. art. 2642 provides in part: "Defenses and procedural objections to an exec-utory proceeding may be asserted either through an injunction proceeding to arrest the seizure and sale as provided in Articles 2751 through 2754, or a suspensive appeal from the order directing the issuance of the writ of seizure and sale, or both.”

. We note that an action seeking to recover from McCraney for alleged malpractice in the performance of his duties as attorney ad hoc prescribed one year from the date the Allains had notice of such failure, which would have been one year from the date of service of the suit for a deficiency judgment. See Rayne State Bank and Trust Company v. National Union Fire Insurance, 483 So.2d 987 (La.1986).

. See supra note 3.