SAVOY, Judge.
Plaintiff instituted a possessory action alleging that he possessed as owner two separate tracts of land located in St. Landry Parish, and that in July or August of 1963, he was disturbed in his possession and enjoyment of these properties by the defendants, their agents and/or employees. He alleged defendants trespassed on the parcel of land designated as Tract A and built a fence across the northern portion, dividing it into two parts. As to Tract B, plaintiff alleged defendants cleared a strip of land approximately 30 feet in width along the property line adjacent to the property owned by defendants, removing the trees located in this area. Plaintiff asks for judgment recognizing his rights to the possession of the properties, restoring and maintaining him in his possession thereof, and enjoining defendants from any further disturbance. Plaintiff prayed that in the event the defendants do not assert an adverse claim of ownership to the properties in their answer, there be judgment ordering the defendants to assert any adverse claim of ownership to the properties in a petitory action to be filed within a delay to be fixed by the court not to exceed sixty days after the date the judgment becomes execu-tory, or be precluded thereafter from asserting the ownership to these properties. Additionally, plaintiff sought damages for trespass, for the trees, for mental anguish, shame, degradation, embarrassment and humiliation, and for attorneys’ fees.
Named as defendants are (1) Mrs. Nath-alie Haas Hirsch, individually, and as executrix of the estate of Mrs. Jeanette Roos Haas, and as trustee for the trust created by the decedent, Jeanette Roos Haas, for the benefit of Emily Rose Hirsch Hart; (2) Dr. Donald J. deBlanc, trustee for the trust created for the benefit of Mrs. Johnice Hirsch deBlanc; and (3) Vernon LaCour, manager of the interests of the estates of J. A. Haas, Morris Hirsch and Mrs. Jeanette Roos Haas.
The defendants filed an answer in which the material allegations of plaintiff’s petition were denied, and it was alleged that plaintiff had wrongful possession of a strip of property comprising approximately .503 acres on the north end of Tract A. By way of reconventional demand, it was alleged that this area, which was enclosed by the new fence, was owned by Nathalie Haas Hirsch, individually, and as trustee, and Donald deBlanc, as trustee, and that this area, which is triangular in shape, is mostly covered by two borrow pits dug by the plaintiff. Defendants asked that the demands of plaintiff be rejected, and that defendants, Nathalie Haas Hirsch, individually, and as trustee, and Donald J. deBlanc, trustee, be decreed to be the owners in common, and in indivisión, of that tract of land containing .503 acres as shown on the plat attached to the answer, and that plaintiff be further ordered to fill the borrow pits and to return the property to the defendants in its former condition. It is alleged that the two borrow pits were created when the plaintiff sold some 3,406 cubic yards of dirt presumably to the State of Louisiana, through the Department of Highways, to be used in the construction of U. S. Highway 190 east of Opelousas. An extract of the records of the parish with reference to the described property is attached to the petition. Defendants make no claim of ownership with reference to Tract B.
The plaintiff filed an answer to the re-conventional demand, denying the pertinent allegations, but admitting that Mrs. Jeanette R. Haas was one of the authors in title to the property he purchased, including the triangular area in dispute. Inasmuch as the defendants’ answer converted the lawsuit to a petitory action with reference to Tract A, the plaintiff entered a plea of estoppel against the defendants averring *867 that the fence around the tract of land he purchased had been standing in that location since 1936 with the full knowledge and consent of defendants or their authors in title. Plaintiff also entered a plea of acquisitive prescription of ten years as against defendants’ petitory action. In defense of the demand to fill the borrow pits, plaintiff denied the defendants’ ownership, and in the alternative, entered a plea of prescription alleging that the removal of the dirt constituted a tort, which prescribed in one year.
After trial on the merits, the district court found plaintiff had possession of the property for more than one year prior to the disturbances alleged in the petition, and although the defendants did build a fence across a part of Tract A, the defendants, Nathalie Haas Hirsch, individually, and as trustee to Emily Rose Hart, and Donald J. deBlanc, trustee to Johnice Weinstein deBlanc, were the title owners to all of that tract located within the confines of the fence. The plea o.f ten years acquisitive prescription was overruled, as the court felt plaintiff could not possess beyond the limits fixed in his title and his deed did not embrace the triangular portion of the land in question. With reference to the restoration of the surface by plaintiff, the court upheld plaintiff’s exception of prescription of one year under Article 3537 of the Louisiana Civil Code. As to Tract B, the court found plaintiff had not granted permission to anyone to enter his property and to clear the area adjoining the boundary, but held that the evidence was not suf-ficent to establish an award for damages for cutting the trees. The court did find there was an invasion of an inherent right, and allowed plaintiff damages in the amount of $200.00, against Nathalie Haas Hirsch, individually, and as trustee, and Donald J. deBlanc, as trustee. The other defendant, Vernon LaCour, was not referred to in the judgment signed by the district court. Plaintiff’s demand for attorneys’ fees was disallowed. The district court assessed costs of court one-half to plaintiff and one-half to defendants. From this judgment plaintiff has appealed to this Court, and the defendants have answered the appeal.
The record shows that Dr. John A. Haas, husband of Jeanette Roos, owned a large amount of property within and in the vicinity of Sections 10, 11 and 12, Township 6 South, Range 5 East, in St. Landry Parish, acquired around the year 1918. The properties involved in this lawsuit are included in these properties. Upon his death, he was survived by his widow, Mrs. Jeanette Roos Haas, and Mrs. Nathalie Haas Hirsch, wife of Morris A. Hirsch. On November 7, 1935, Mrs. Jeanette Roos Haas, and Mrs. Nathalie Haas Hirsch sold to James R. Johnson, (plaintiff’s author in title), the following described property, to-wit:
A certain tract of parcel of land together with all buildings and improvements situated thereon, situated in the Parish of St. Landry, Louisiana, containing Twenty-nine and 2%oo (29.25) acres, and situated in Section Eleven (11), Township Six South (T-6-S), Range Five East (R-5-E), La.Mer., and bounded as follows, to-wit: On the Northwest by property formerly belonging to Jos. W. Arnaud and now belonging to the vendors, on the Northeast and Southeast by property of vendors and on the Southwest by public road or Bayou Little Teche, as per plat of survey made by R. M. Hollier, C. E., dated November 2, 1935, and annexed hereto, made a part hereof and recorded herewith, and being a part of the same property acquired by Dr. John A. Haas, deceased, from Louis Hebert by act passed before C. P. Dunbar, Notary Public, said property having been acquired by vendors from the Estate of Dr. J. A. Haas, deceased, by judgment of the Hon. 13th Judicial District Court of the State of Louisiana in and for the Parish of St. Landry sending them into possession.
The attached plat, attached to the deed, shows a public road runs along the north bank of Bayou Little Teche and this tract *868 of land extends from the north side of the public road in a northeasterly direction. The boundary along the north side of the public road is shown to be 544 feet, the west boundary is shown to extend 3386 feet from the road, the east boundary extends 3250 feet, and the north boundary measures 460 feet. Mr. Johnson took possession of this property and built a fence completely around it in the fall of 1937. Upon his death, his widow and heir were placed in possession of the property, and on January 12, 1946, they sold the property to James Caillouet. On January 15, 1946, James Caillouet sold the property to Joseph D. Richard. Both of these last two deeds referred to the plat of survey made by R. M. Hollier, C. E., dated November 2, 1935. U. S. Highway 190 was placed through this property, dividing it into two parcels, and on July 27, 1954, Joseph D. Richard sold to Jack Lockhart that portion of the property north of the highway, which was described as follows, to-wit:
A certain strip or parcel of ground, together with all improvements thereon, situated immediately North of U. S. Highway 190 approximately midway between Opelousas and Port Barre, Louisiana, containing seven (7) acres, more or less, and having a frontage on U. S. Highway 190 of Four Hundred Sixteen (416) feet, more or less, and bounded now or formerly, as follows, on the North by Jeanette R. Haas, et al, South by U. S. Highway 190, East by Nolan Soileau and West by Jeanette R. Haas, et al.
Being a part of the same property acquired by James R. Johnson from Jeanette R. Haas, et al, on November 7, 1935, by act of sale passed before Leon Haas, Notary, and duly recorded November 14th, 1935, under original act No. 150912 in Conveyance Book H-6 at page 605 of the records of St. Landry Parish, Louisiana.
On October 5, 1957, Jack Lockhart sold this property by the same description to the plaintiff in this suit, and this property to the north of U. S. Highway 190 is described in plaintiff’s petition, designated as Tract A.
The fence around the property purchased by James R. Johnson has been maintained in the same location since the year 1937, and that property has been possessed continually by the successors in title to Johnson. No adverse claims were asserted until the defendants placed the new fence built in 1963, within the confines of the older fence.
The heirs of the John A. Haas estate still own a large tract of land, containing over 1300 acres, which joins Tract A along the north side and the west side. This large tract of land is irregular in shape and also borders Tract B as described in plaintiff’s petition. In 1963, this interest was owned by Mrs. Nathalie Haas Hirsch, individually, and as trustee for Emily Rose Hart, and Donald J. deBlanc, as trustee for Johnice Weinstein deBlanc. The manager of the estate, Mr. Vernon LaCour, employed Mr. Morgan Goudeau, Jr., a civil engineer, to make a survey of the Haas estate property, so that a fence could be built completely enclosing the large tract of land. After the survey was completed, Mr. Vernon LaCour instructed the employees of the Haas estate to construct a fence around the property according to the survey. In July or August, 1963, this new fence was placed within the fenced area possessed by the plaintiff. This new fence placed in dispute a triangular area comprising .503 acres at the north end of Tract A. The new fence cut across two borrow pits and also the north end of a field cultivated in corn. This area in dispute is largely covered by one large borrow pit from which approximately 3300 cubic yards of dirt has been removed, and a portion of another borrow pit from which approximately 106 cubic yards of dirt had been removed. For convenience we will hereafter refer to this triangular area in dispute which comprises 503 acres as Tract A-Triangle.
*869 Also, in placing the fence around the large acreage owned by the Haas heirs, the property owned by plaintiff described as Tract B was entered and cleared by a bulldozer, and a number of trees were removed in the area along the border for a distance of approximately 50 feet, extending back into Tract B at distances from 25 to 30 feet. The new fence was correctly placed at the boundary line of Tract B. Plaintiff was not contacted for permission to enter the property described as Tract B. However, there was some conflict in the evidence as to whether or not plaintiff knew the estate was to fence the boundary area at Tract A. The manager, Vernon LaCour, testified he had spoken to plaintiff about entering Tract A for a distance of from 5 to 15 feet to cut any trees as may be necessary in the erection of the fence around the property of the estate, so that the trees would not be falling on the fence. He testified that plaintiff had no objection at that time. Vernon LaCour admitted, however, that although he knew the new fence would encroach within the old fence line, he did not get permission to go inside the fenced area of Tract A. He testified he did not think permission was necessary in view of the survey showing the ownership of Tract A-Triangle in the Haas estate. Plaintiff denied he ever gave permission to anyone to enter either Tract A or Tract B.
In proof of their petitory action, defendants placed Hebert Castille, an abstractor, on the stand. He stated the property described as Tract A in plaintiffs petition was situated in Section 11, Township 6 South, Range 5 East, but he could not locate its exact position in the section. A complete chain of title, in extract form, was introduced into evidence covering the property described in plaintiff’s petition as Tract A. Prior to the time the heirs of Dr. John A. Haas sold the 29.25 acres to Johnson in 1965, Tract A formed a part of the larger tract owned by that estate. For convenience, this smaller tract of land will be referred to as the 29.25 acres Johnson tract.
Morgan J. Goudeau, Jr., a licensed civil engineer, testified that he prepared a survey for the Haas estate of land situated in Section 32, Township 5 South, Range 5 East, and in Sections 4, 5, 6, 7, 10, 11 and 12, Township 6 South, Range 5 East, St. Landry Parish, comprising 1322.37 acres. This plat was dated March 16, 1963, and was the one used by the Haas estate in fencing the large tract of land.
He testified he started from a government corner and oriented his compass bearings with the old government bearings. He then followed old surveys and property descriptions of property in the area. Several old landmarks and stakes from prior surveys appeared to confirm his survey, which followed closely an oil survey prepared by R. S. Crosser, registered civil engineer, dated May 1, 1961. It was his opinion that the property of plaintiff encroached upon that owned by the Haas estate by the .503 acres indicated in the survey as attached to defendant’s answer. It is noted that Mr. Goudeau did not survey the tract of land described as Tract A by going around its boundaries, nor did he survey the line to Bayou Little Teche. He testified he did not believe this was necessary since he had run one boundary to the bayou for a tract some distance to the east, and his survey checked out with older surveys.
Francis Wyble, a registered civil engineer, testified on behalf of plaintiff. He testified the older plats used by Goudeau all contained some distortions and errors, and he was unable to get any of them to tie in exactly. He used an old survey of the property immediately to the west of Tract A, which was prepared by R. M. Hollier, C. E., on October 11, 1924, to begin his survey, and he ran the boundaries of the 29.25 acre Johnson tract. He concluded that the northwest corner of the plaintiff’s tract should be placed approximately 14 feet north of the northwest corner of the old fence line, and the northeast corner should be fixed at a point approximately 136 feet north of the point fixed by Morgan *870 J. Goudeau, Jr. In measuring the 29.25 acre Johnson tract from the north side of the existing gravel road, to include at the north end that portion of Tract A enclosed by the old fence line, he found the tract to contain only 28.7 acres. This difference was partially caused hy the widening of the road between 1935 and 1963. By comparing an older and newer plat of the property to the west of Tract A, he found the road had changed about 20 feet. Mr. Wyble did not begin his survey from a government corner, and admitted that the acreage enclosed could be controlled by moving outward any of the four boundaries. For some reason, the plat prepared by Francis Wyble was not introduced into evidence.
The plaintiff maintains that the district court erred in finding defendants were the title owners of the .503 acres in dispute, (Tract A-Triangle). It is contended that the defendants have not carried the burden of proof in making out their title and in establishing the boundary line. It is argued that since the Haas estate sold the original tract of land to plaintiff's author in title, the defendants had the burden of showing the location of the 29.25 acre Johnson tract as described in the plat prepared by R. M. Hollier, C. E., dated 1935, and that this was not done. On the other hand, it is contended that the record shows positively that the original tract comprising 29.25 acres extended from the road along Bayou Little Teche up to a line which was known as the Kent Land Company line, and that this Kent Land line was located to the north of the area enclosed in the old fence which had been maintained in the possession of plaintiff and his authors in title since the year 1937. It is further maintained that the trial court erred in not sustaining plaintiff’s plea of ten years acquisitive prescription, in not awarding damages for the trees cut on Tract B, in abusing its discretion by allowing only $200.00 damages for the disturbances sued for, in not issuing an injunction as prayed for in the original petition, and in not assessing all costs of the lawsuit against the defendants.
The defendants maintain that plaintiff put title at an issue in the lawsuit by his pleadings, hut did not sustain the burden of proof with respect to the .503 acres in dispute, and defendants showed the location of the boundary and their ownership of that tract, (Tract A-Triangle). In this connection, it is argued that .the only contest is where the line of the estates fell, and that the more professional approach by Mr. Morgan J. Goudeau, Jr.', C. E., was properly accepted by the district court. Defendants maintain that plaintiff cannot acquire beyond his legal title by ten years acquisitive prescription. It is argued that in the sales of the properties adjoining the tract sold to Johnson in 1935, and in the sale to Johnson, there was no reference to the old Kent Land line, but rather, these sales were all made by reference to surveys by R. M. Hollier, C. E. With reference to Tract A, defendants maintain there can be no trespass since they own the property. Additionally, with reference to Tract B, defendants maintain that plaintiff did not carry the burden of proving the value of any trees removed from that tract. It is argued that there was no moral bad faith on the part of the defendants in the trespass on Tract B, and that the award of $200.00 was more than adequate. With reference to defendants’ answer to the appeal, it is contended that defendants are entitled to restoration of the .503 acres in dispute, (Tract A-Triangle), in the same condition as received by the plaintiff in accordance with Article 508 of the Louisiana Civil Code, and that prescription of one year by Article 3537 as applied by the district court, has no application.
 This Court shall first consider the issue as to the ownership of the .503 acres in dispute or Tract A-Triangle. In this connection, we find plaintiff filed a posses-sory action, alleging possession as owner for a period of more than one year. Plaintiff did not raise the question of ownership in his original petition by asking the court to order the defendants to assert any adverse claim of ownership within a spe *871 cific period of time. This was the proper procedure to be followed, and plaintiff’s petition follows closely the form for a pos-sessory action as found in Louisiana Form-ulary Annotated, Revised Edition. The defendants’ answer admitted the possession of plaintiff, and the defendants asked to be decreed owners of the Tract A-Triangle. By this action, the defendants converted the proceeding to a petitory action as to Tract A-Triangle, and were then charged with the burden of making out their title in accordance with Article 3653 (1) of the Louisiana Code of Civil Procedure.
After haying carefully studied the voluminous record in this case, this Court finds the defendants have not proved title to the disputed tract, but rather, the .503 acres in dispute, Tract A-Triangle, fell within plaintiff’s title.
In arriving at its decision, the district court accepted the opinion of Morgan J. Goudeau, Jr., C. E., over that of Francis Wyble, C. E. However, we do not find the testimony of Mr. Goudeau to be determinative in this case. Mr. Goudeau did not run the boundary lines of either Tract A or the 29.25 acres Johnson tract, nor did he measure the distance to the road north of Bayou Little Teche. Since plaintiff’s author in title, James R. Johnson, purchased the 29.25 acre tract from the heirs of J. A. Haas, and the attached plat by R. M. Hollier, C. E., (who is now deceased), describes the property by metes and bounds, this description by measurement from the road on the bayou would be controlling in the event of a conflict. Therefore, even if Goudeau’s boundary appeared correct in relation to other properties to the east, this survey would have to yield to a positive measurement of metes and bounds, even if this pushed the north (northeast) boundary further north than the adjoining properties to the east. The plat prepared by Goudeau conformed generally to an oil map introduced as “P-9”. These two drawings show an offset or dogleg in the extension of the north boundaries of the properties to the east of Tract A. Because of this offset, property owned by Mrs. Ethel Darbonne, et al., extends approximately 117 feet further north on Goudeau’s plat and approximately 76 feet further north on the oil map. Mr. Gou-deau testified he had run the Darbonne property to the bayou and it had checked out, and that the north line of the Dar-bonne property corresponded to the old Kent Land line. He stated he did not believe the Kent Land line was applicable to the sale to James R. Johnson, and to the sales of other properties adjoining the Johnson tract, as those sales referred only to the surveys by R. M. Hollier, C. E. (As we shall set out later in this opinion, we believe this to be an error on his part.) Accordingly, Mr. Goudeau placed the north boundary of Tract A and the adjoining properties at an offset from and parallel to the old Kent Land line, at a position 126.5 feet further to the south. He testified on cross-examination that if the north line of the plaintiff’s property were fixed at the old Kent line, the property in dispute, Tract A-Triangle, would fall within the boundaries of plaintiff’s property.
By a correlation of certain instruments in the record which make up the chain of title to Tract A, plaintiff has presented a compelling argument that the north line of Tract A does correspond with the old Kent Land line. The district court apparently did not have the opportunity to consider this particular line of reasoning, as it was presented to us in a supplemental brief. After having examined the record carefully, we find that the title records show that the north line of the 29.25 acre Johnson tract corresponds with the old Kent Land line as maintained by plaintiff. The record shows that on September 9, 1918, Dr. J. A. Haas purchased four adjoining tracts of land, which, from west to east, contained 65.92 arpents, 50 arpents, 30 arpents and 45.07 arpents, respectively. These adjoining tracts of land were bound *872 ed on the south by Bayou Little Teche and on the north by land owned by the Kent Land Company. For convenience, the tracts of land as listed from west to east will be designated as tracts one through four. Tracts one, two and four were purchased from Louis Hebert. Tract three, containing 30 arpents, was purchased from The Littell and Hebert Company, Ltd. Note that tracts one and two contain a total of 115.92 arpents. On October 15, 1924, the heirs of Dr. Haas sold to Joseph W. Arnaud a tract of land containing 80.89 arpents within tracts one and two. A plat by R. M. Hollier, C. E., was attached to the deed. On November 7, 1935, the heirs of Dr. Haas sold the remaining 29.25 acres (or approximately 35.03 arpents) in tracts nne and two to James R. Johnson, plaintiff's author in title. Another plat by R. M. Hollier, C. E., was attached to this instrument. The west (northwest) line of the Johnson property is common to the ¡east (southeast) line of the Arnaud property. As shown in the deeds, these properties had been obtained by Dr. J. A. Haas from Louis Hebert. An old plat in the record, which was identified by H. J. Cas-tille, shows that the north boundary line of tracts one and two, being the properties purchased by Arnaud and Johnson, extends straight across, without an offset, and continues to form the north line of the tract now owned by Mrs. Ethel Darbonne, et al. We find that a comparison of these several instruments of record indicates that the intended north (northeast) boundary line of the Arnaud and Johnson properties corresponds to the old Kent Land Company line.[1] Accordingly, in view of the testimony of the defendants’ witness, Morgan J. Goudeau, Jr., C. E., this places the property in dispute, Tract A-Triangle, within plaintiff’s title. This conclusion is also supported by the testimony of Francis Wyble, C. E.
In view of our holding as to the ownership of Tract A-Triangle, it is not necessary to consider the plea of estoppel or the plea of ten year acquisitive prescription raised by the plaintiff. Further, this disposes of the defendants’ claim in recon-vention for the restoration of the surface by plaintiff, and it is not necessary to consider whether or not the prescription of one year under Article 3537 of the Louisiana Civil Code is applicable.
 This leaves for our consideration the question of damages for the illegal trespasses. The record shows that defendants placed the new fence within the confines of the old fence line on Tract A without the permission of plaintiff. Although plaintiff demanded the removal of the new fence, defendants refused, as they believed they owned the area enclosed by the new fence. Although done without malice, these actions constituted trespass and slander of title. Plaintiff did not prove any particular damages with reference to Tract A. As to the trespass on Tract B, the evidence as to damages to the trees was insufficient to prove the amount requested by plaintiff, but this Court does find at least nominal damages were proved. We also find that the award for damages granted by the district court was manifestly inadequate. Since there was a trespass committed on two separate tracts owned by plaintiff, and considering the facts of this case, we believe an award of $750.00 would more fairly compensate the plaintiff for the loss of trees on Tract B and for embarrassment, humiliation and mental anguish caused by the illegal acts, of the defendants.
*873 Plaintiff is not entitled to damages for attorneys’ fees in a case of this nature, in the absence of statute or contract. Loeblich v. Garnier, (La.App., 1 Cir., 1959), 113 So.2d 95; Roge v. Kuhlman, (La.App, 3 Cir., 1962), 136 So.2d 819.
Accordingly, the judgment of the district court is affirmed in part, reversed in part, amended in part, and rendered so as to read as follows:
It is ordered, adjudged and decreed that there be judgment herein in favor of the plaintiff, Burice C. Bihm, and against the defendants, Nathalie Haas Hirsch, individually, and as trustee to Emily Rose Hart, and Donald J. deBlanc, as trustee to John-ice Weinstein deBlanc, recognizing plaintiff as the owner of the following described property situated in the Parish of St. Landry, to-wit:
A certain tract of land comprising .503 acres, situated in Section 11, Township 6 South, Range 5 East, St. Landry Parish, Louisiana, as shown by a plat of Morgan J. Goudeau, Jr. and Associates made August 25, 1965, filed in this suit, and marked Exhibit “D-10”.
It is further ordered, adjudged and decreed that there be judgment herein in favor of plaintiff and against the said defendants in the full sum of $750.00, together with legal interest thereon from date of judicial demand until paid.
It is further ordered, adjudged and decreed that the demands of the defendants, as plaintiffs in reconvention, be and they are hereby denied.
It is further ordered, adjudged and decreed that the said defendants pay all costs in both courts.
Affirmed in part, reversed in part, amended in part and rendered.

. This includes some property northerly of the former fence line and thus of the Tract A-Triangle. However, this northerly portion was not within the possession of the plaintiff at the time of the disturbance complained of by this suit. Neither title nor possession of this property north of the fence line forming the northerly boundary of Tract A-Triangle is at issue in these proceedings.