DIXON, Judge.
This suit was commenced as a possessory action, and later changed by the plaintiff to a petitory action. At stake is a strip of land 1feet wide by approximately 412 feet long lying east of that portion of the centerline of Section 9, Township 18 North, Range 12 West which runs north from the southwest corner of the NW/4 of the NE/4, Bossier Parish, Louisiana. There was a judgment in the district court decreeing the plaintiff to be the owner of the following described property:
“All of the NW-j4, except the SW-54 thereof, Section 9, Township 18 North, Range 12 West, Bossier Parish, Louisiana, less and except a strip one rod wide across the North side thereof.”
There was further judgment in the district court awarding the plaintiff $200.00 as reasonable attorney’s fees incurred in compelling the answers to interrogatories and awarding the plaintiff $750.00 as attorney’s fees for filing and trying the instant suit.
The plaintiff did not appeal nor answer the appeal, but filed a motion to dismiss, complaining that a motion for a new trial filed in the district court was a nullity, with the result that the legal delays for appeal expired before this appeal was taken.[1]
Plaintiff’s argument as to the effect of the delay in fixing the motion for a new trial, and the failure to serve the motion or a notice of its filing upon the plaintiff has already been considered by this court (Finuf v. Johnson, La.App., 216 So.2d 151 (1968)), and the conclusion reached was adverse to plaintiff’s argument. Whether or not plaintiff was correct in his contention that the Supreme Court’s refusal of plaintiff’s application for writs on January 20, 1969, 253 La. 313, 217 So.2d 410 reopens the question of validity of defendant’s application for a new trial, we adhere to the opinion previously expressed, and agree that the motion for a new trial was timely filed. Plaintiff’s motion to dismiss the appeal must be denied.
As noted above, plaintiff’s property lies (insofar as this case is concerned) in the NW/4 of Section 9. All the evidence in the case referred to a strip of land a rod wide and 412 feet long which apparently lies in the NE/4 of Section 9. Plaintiff’s petition alleged possession and ownership of land only in the NW/4 of Section 9. Plaintiff’s amended petitions, in which he converted his possessory action to a petitory action, do not allege the ownership of any different property, and make no allegation concerning the NE/4 of Section 9.
The evidence showed that, when the plaintiff Mr. Finuf acquired his property *587 more than fifty years ago, there was a road along the north-south centerline of Section 9, and a hog-wire fence lay along the easterly edge of the road. Mr. Finuf has made it clear that he claims ownership up to that hog-wire fence. Mr. Finuf has filed no plat or survey of the property involved. The only surveys filed are one by McLemore of Mr. Johnson’s property dated 1952, and one by Ramsey showing the disputed area, dated 1966. Both Ramsey’s and McLemore’s surveys show the location of the north-south centerline of Section 9, which Johnson claims to be his western boundary. Both Ramsey’s and Mc-Lemore’s surveys show the existence of a fence lying east of the north-south center-line of Section 9. Ramsey’s survey shows that this fence was an old hog-wire fence, and he located it just 16]/2 feet east of the north-south centerline of Section 9.
When Mr. Johnson erected the fence, which provoked this litigation, in 1964 he located it exactly 16j/-> feet west of the north-south centerline of Section 9. On the trial of the case, Mr. Johnson admitted that he had made an error, and had placed the fence exactly one rod too far west. He made no claim to any property that lay west of the north-south centerline of Section 9, and agreed to move the fence.
The judgment rendered by the district court ordered that this fence be removed. Plaintiff, having neither appealed nor answered the appeal, prayed in his brief that the judgment of the district court be affirmed. From plaintiff’s argument (reflected by the transcript of testimony), it appears that, even though the strip of land which plaintiff claims lies outside of the NW/4 of Section 9, the plaintiff contends that the old hog-wire fence, one rod east of the true boundary of the NW/4, has actually become the easterly boundary of the NW/4. With this contention we cannot agree. The only evidence in the record upon which we can base a description of the property involved is the survey by Mr. Ramsey. The plaintiff has not successfully shown that that survey is incorrect. There is no evidence in the record to contradict Mr. Ramsey’s testimony. We must accept the location of the centerline of Section 9 as he has depicted it.
There was no judicial sanction of Mr. Ramsey’s survey in the judgment of the district court. However, the only award made by the district court was of property which lay in the NW/4 of Section 9. This much Mr. Johnson admitted to be owned by Mr. Finuf. Since plaintiff, as stated above, has not appealed or answered the appeal, we cannot rule upon his contentions regarding the disputed land lying east of the centerline of Section 9. The right of plaintiff-appellee to assert such claim in appropriate proceedings is reserved to him.
The district court awarded plaintiff $750.00 as attorney’s fees for filing and trying this suit. The general rule is, of course, that attorney’s fees for the successful party are not allowed as an item of damages or costs, except where specifically allowed by statute or contractual provision. We can find no exception to this general rule that covers the instant case, especially in light of many pronouncements on the subject. Hernandez v. Harson, 237 La. 389, 111 So.2d 320 (1958, rehearing, 1959); Loeblich v. Garnier, La.App., 113 So.2d 95 (1959); Gardner v. Gardner, La.App., 125 So.2d 463 (1960); Comments, Attorney’s Fees as an Element of Damages in Louisiana, 34 Tulane Law Review, 146 (1959); Comments, Attorney’s Fees as an Element of Damages: The General Rule and Its Exceptions, 20 Louisiana Law Review, 389 (1960).
For the reasons assigned, the district court judgment is amended by deleting the award of $750.00 for attorney’s fees, and is affirmed insofar as it holds plaintiff owner and entitled to possession of the following described property:
All of the Northwest Quarter, except the Southwest Quarter thereof, Section 9, *588 Township 18 North, Range 12 West, Bossier Parish, Louisiana, less and except a strip one rod wide across the North side thereof.
The district court judgment is also affirmed in all other respects. The defendant-appellant is cast with the costs of this appeal.
Amended and affirmed.

. The motion to dismiss the appeal set out the following chronology relative to the motion: “On September 25, 1967, defendant filed a document styled ‘Application for a New Trial’ in the captioned cause than pending in the Twenty-Sixth Judicial District Court, Bossier Parish, Ijouisiana. No service of said application or notice of filing thereof was ever made upon plaintiff. On February 15, 1968, a motion by plaintiff to strike the application for a new trial was endorsed and filed. On April 19, 1968, the Twenty-Sixth Judicial District Court, Bossier Parish, Louisiana, Price, J., granted the motion to strike and decreed that the application for a new trial was null and void. On October 31, 1968, this Court reversed the order of the District Court and remanded this case to the Twenty-Sixth Judicial District Court, Bossier Parish, Louisiana, for a hearing upon the application for a new trial. On January 20, 1969, the Supreme Court of Louisiana refused plaintiff’s application for writs, saying ‘the judgment complained of is not final.’ On January 31, 1969, the Twenty-Sixth Judicial District Court, Bossier Parish, Louisiana, denied defendant’s application for a new trial. Defendant thereafter prosecuted this appeal. The foregoing appears from the record in this case.”