MILLER, Judge.
A writ of certiorari was granted on February 28, 1972 to review the City Court’s dismissal of an appeal perfected November 26, 1971. The City Court held that the delays for perfecting an appeal commenced on November 2, 1971, the date judgment was rendered, rather than on November 16, 1971, the date judgment was signed. We reverse.
Plaintiff relator appealed the adverse judgment by motion and bond filed November 24, 1971. The order granting the appeal was signed November 26, 1971.
The time for commencement of delay for applying for a new trial in the city court under LSA-C.C.P. Art. 5002[1] was intended to be the same as in the district court. Consequently the phrase "date of judgment” in the third paragraph of Article 5002 means the date on which the judgment is signed in open court by the judge. C.H.F. Finance Company v. Smith, 244 La. 180, 151 So.2d 364 (1963). See also Wooten v. Central Mutual Insurance Company, 177 So.2d 657 (La.App. 3 Cir. 1965).
The appeal bond was filed and the order of appeal signed within the ten day *669 limit set by LSA-C.C.P. Art. 5002. The trial court was divested of jurisdiction no later than November 26, 1971. LSA-C.C. P. Art. 2088. Martin v. Martin, 228 So. 2d 355 (La.App. 4 Cir. 1969).
The subsequent issuance of a judgment rescinding the order of appeal is void. The appeal was perfected by November 26, 1971. The case is remanded to the Clerk of the City Court in order that the record may be (if it is not now) made complete. The appeal is to be lodged with this court when the record is filed with our Clerk. Costs of this proceeding are assessed to defendant respondent.
Reversed and rendered.

. “Art. 5002.
“The delay for answering shall be stated in the citation. This delay shall be five days, exclusive of legal holidays, after service of citation on the defendant, except when the citation is served on a defendant through the secretary of state, in which event this delay shall be fifteen days after such service as to all defendants.
A defendant shall incorporate in his answer all of the exceptions on which he intends to rely. No prior default is necessary, and judgment may be rendered as provided in Article 4896. Notice of the rendition of judgment is not necessary, except as provided in Article 4898. The delay for answering garnishment interrogatories shall be five days, exclusive of legal holidays.
A new trial may be applied for within three days, exclusive of legal holidays, of the date of judgment or of the service of notice of judgment when necessary.
A devolutive or suspensive appeal to the proper appellate court may be granted if applied for within ten days after the expiration of the delays for applying for a new trial, or within ten days of the denial of a new trial.
The suspensive appeal bond, as required by the applicable provisions of Article 2124, must be filed within the delays allowed above for a suspensive appeal.
The devolutive appeal bond, as required by the applicable provisions of Article 2124, must be filed within the delays allowed above for a devolutive appeal.”