SAVOY, Judge.
This case is before the court for a second time. In Hamilton v. Moss, 261 So.2d 667, we granted a writ and held that the delays for taking an appeal commenced from the time the judgment was signed rather than from the date it was rendered.
The case is before us on the merits.
Plaintiff filed a suit, as owner, for a return of movable property allegedly illegally held by defendant, together with damages for loss of use and for wrongful detention. Moss filed a general denial, and then, assuming the position of plaintiff-in-recon-vention, alleged that he is the legal owner, having purchased said property from Jerry Bourque and Pat Parham for a stated sum; and that defendant-in-reconvention, Hamilton, went to Moss’ office and without his consent removed the property in litigation from said office, and was in the process of placing same in a truck when Moss removed said property and returned it to his office. Moss alleges further that he was engaged in the collection of bad debts; that suit was advertised in the Daily Recorder, a publication having wide circulation in this community; that this publication has or will considerably damage Moss’ business reputation; and that he is entitled to damages for trespass, actual and attempted conversion of the chattel, embarrassment, humiliation, anxiety and physical exertion, and malicious prosecution. These items total $1,000.00. Moss also prays for attorney’s fees in the sum of $500.00.
After a trial, the judge determined Moss to be the owner of the movable property involved herein. He also granted said party damages in the sum of $250.00 and denied the claim for attorney’s fees.
Hamilton has appealed to this Court. Moss answered the appeal, praying for the sum asked for in his reconventional demand.
The record reveals that the property involved herein was purchased at a judicial sale by a third party and sold to Hamilton.
After he purchased the property, Hamilton delivered same to Pat Parham and Jerry Bourque, who were engaged in the investigation business.
*845 The problem for determination is whether there was a sale of said movables to Parham and Bourque. If there was a sale to them, Moss would acquire title to same, for he bought and paid for the property which he acquired from Parham and Bourque.
The trial judge determined that there was a bona fide sale from Hamilton to Parham and Bourque. We agree with this finding. Hamilton testified that there was an agreed price of $250.00 for the chattels, and Parham and Bourque testified they had purchased the property from Hamilton.
The last item is that of $250.00 awarded to Moss for damages. The evidence reveals that the incident took place on a Saturday morning in front of an office building in Lake Charles, Louisiana. There were no witnesses to the incident besides the parties and two helpers. We are of the opinion that, under the circumstances, the award is neither inadequate nor excessive.
Moss claims attorney’s fees necessary to litigate his demand for damages for willful and unlawful seizure of his property. Attorney’s fees cannot be recovered in such cases, General Accident Fire & Life Assurance Corporation v. Humble Oil & Refining Company, 243 So.2d 865 (La.App. 1 Cir. 1971); Finuf v. Johnson, 226 So.2d 585 (La.App. 2 Cir. 1969); Bihm v. Hirsch, 193 So.2d 865 (La.App. 3 Cir. 1967); Roge v. Kuhlman, 136 So.2d 819 (La.App. 3 Cir. 1962); and, Loeblich v. Garnier, 113 So.2d 95 (La.App. 1 Cir. 1959). The case of Loe v. Whitman, 107 So.2d 536 (La.App. 2 Cir. 1958), relied on by plaintiff-in-reconvention, has not been followed in the cited jurisprudence.
For the reasons assigned, the judgment of the City Court is affirmed at appellant’s costs.
Affirmed.