339 So.2d 522 (1976)
Richard INZER et ux., Plaintiffs-Appellants,
v.
Kelly Ray HOLLIS, Defendant-Appellee.
No. 13053.
Court of Appeal of Louisiana, Second Circuit.
November 1, 1976.
Rehearing Denied December 6, 1976.
Writ Refused February 9, 1977.
Mecom, Scott & Woods by Leroy H. Scott, Jr., Shreveport, for plaintiff-appellants.
Hal V. Lyons, Shreveport, for defendant-appellee.
Before HALL, MARVIN and JONES, JJ.
En Banc. Rehearing Denied December 6, 1976.
MARVIN, Judge.
In a possessory action, plaintiff was awarded damages against his defendant-neighbor *523 who removed a fence plaintiff had erected between their adjoining lots during the course of a boundary dispute between them. Plaintiff appeals, contending that his attorney's fees as an element of damage should have been awarded below and that the award was "grossly inadequate" for the intentional trespass.
The lower court awarded $250 for the cost of replacing the fence and $250 as damages for the disturbance of plaintiff's possession and general mental anguish. We affirm.
As a general rule, attorney's fees are not allowed a successful litigant in Louisiana except where authorized by statute or by contract. Nassau Realty Co., Inc. v. Brown, 332 So.2d 206 (La.1976). The limited exceptions to this rule do not include a successful plaintiff in a possessory action claiming damages for trespass. Hernandez v. Harson, 237 La. 389, 111 So.2d 320 (1959); Finuf v. Johnson, 226 So.2d 585 (La.App. 2d Cir. 1969).
Plaintiff contends that "some cases" [citing Vidrine v. Vidrine, 14 La.App. 484, 130 So. 244 (1930) and DeGraauw v. Eleazar, 24 So.2d 180 (La.App. 1st Cir. 1945)] have awarded attorney's fees to a successful plaintiff in a possessory action. Because of later and more reasoned authority, cited supra, by our highest court, and by this court, we do not consider the cases relied on by plaintiff as controlling. See also 20 L.L.R. 389 and 34 T.L.R. 146 for comments on the subject.
Plaintiff claimed great mental anguish, loss of income as an insurance salesman, and expenses of hospitalizing his wife because of defendant's actions during their dispute. The lower court said:
"I am not satisfied, as well, for the damages for loss of income, and I am going to deny those damages. These parties have obviously been in dispute over this tract for some period of time, and I cannot tell, and I am not satisfied that it is this dispute over this fence that has caused the Plaintiff the loss of income which he asserts. It is clear that he is an insurance salesman and obviously a good one and that his income did not rise as it has been. But apparently they have been arguing over this plot of ground and related matters to the plot of ground for some time, and the fence is only one of the issues involved.
"I further more note that an injunction was issued against the Defendant on the 30th of September, 1975 which was shortly after this fence was removed which should have gone a long way in solving any mental anguish at any rate over the removal of the fence and any problem caused in loss of income. * * *
"I think in addition, however, the Plaintiff is entitled to some damages for the disturbance of this possession in addition to the actual damages as far as the fence is concerned, for the general mental anguish which was involved in the problems. I don't think that they are as extensive as his claim asserts, but I am going to award him $250.00 in that regard. * * *
". . . But likewise, I am not satisfied by a preponderance of the evidence that it was this particular problem with this lot that caused Mrs. Inzer to have to go to the hospital, so I am going to deny that claim for medical expenses." Record, pages 105-106.

In Turner v. Southern Excavation, Inc., 322 So.2d 326, 330 (La.App. 2d Cir. 1975), we recognized that no hard and fast rule exists for measuring damages in cases of intentional trespass where private property is destroyed. We stated that the trier of fact in such cases was vested with much discretion in assessing damages and that the award in each case should be approached so as to reach substantial justice between the parties. C.C. Art. 1934.
We find no abuse of discretion by the trial court in assessing damages. Indeed, the record supports the trial court's determinations.
At appellant's cost, judgment is
AFFIRMED.