378 So.2d 524 (1979)
Larry SORAPURU, Jr.
v.
Les JEFFERS and Southern Farm Bureau Casualty Insurance Company.
No. 10472.
Court of Appeal of Louisiana, Fourth Circuit.
December 11, 1979.
*525 Daniel E. Becnel, Jr., Reserve, for plaintiff-appellee.
Porteous, Toledano, Hainkel & Johnson, John J. Hainkel, Jr., Daniel R. Hynes, New Orleans, for Southern Farm Bureau Casualty Ins. Co., defendant-appellant.
Before SAMUEL, SCHOTT and CHEHARDY, JJ.
CHEHARDY, Judge.
Plaintiff, Larry Sorapuru, Jr., obtained a $560 judgment against defendants, Les Jeffers and Southern Farm Bureau Casualty Insurance Company, representing a reimbursement of premiums he paid to the agent Jeffers for an automobile liability policy that was never issued timely because the agent failed to process it with the company. Default judgment was rendered against Jeffers, who did not answer the suit. The defendant insurer was cast after trial on the merits and was awarded full indemnification from Jeffers on its third party demand. The insurer has appealed and plaintiff answered seeking the damages for its non-issuance denied by the trial court.
In August 1976, plaintiff consulted his friend Pete Landeaux about buying insurance because he knew he was on the board of an insurance company. Landeaux referred him to Les Jeffers, who was located in a small brick building off the highway at Boutte, Louisiana. There plaintiff put in an application for full coverage on a 1975 Mercury Cougar and liability only on a 1966 Rambler on a form of Louisiana Farm Bureau Company.[1] Plaintiff testified he gave a check for $280 to Jeffers as a deposit and received a membership card from the company several weeks later. Plaintiff filed as an exhibit a check for $280 payable to Farm Bureau dated September 23, 1976, which was deposited to the account of "Farm Bureau Insurance." There is considerable confusion in the record as to the amount of the premium actually paid; at one point plaintiff testified he gave a check with his application and at another time he stated he gave cash of $280 in August when he initially applied and a check for $280 in September. Defendant's representative Ted Melancon, who shed very little light on the payment records, testified at one point that plaintiff made a $280 cash deposit. The trial court, noting the confused state of the evidence, resolved the factual dispute on monies paid by plaintiff in his favor, primarily because Ted Melancon corroborated his statement of a cash payment at one point in his testimony and was unable to clarify the status of the account because he did not bring the company's records to court.
In any event, after payment was made, the policy was never issued to him. At some point in the spring of 1977, after numerous inquiries, plaintiff confirmed that in fact no policy had been issued because *526 Jeffers never submitted the application for processing. Melancon was called into the Boutte agency to straighten out the problem (plaintiff's situation was shared by several others in the Boutte area at the time who also thought Jeffers had processed their applications for insurance.
On June 2, 1977, the insurer advised plaintiff's attorney by letter it issued policies on both automobiles effective September 23, 1976 that would continue through September 23, 1977 if an additional premium of $608 was paid. Plaintiff, through his attorney, was further advised the policies would expire June 17, 1977 if an additional premium was not received.
Defendant first contends it is not liable for Jeffers' misappropriation of plaintiff's premiums because Jeffers was a broker and not one of Louisiana Farm Bureau's agents. Appellant relies on the definitions of "broker" and "agent" contained in United Credit Plan of Jena, Inc. v. Hailey, 341 So.2d 58 (La.App.3d Cir. 1976), wherein the court indicated a broker was a general agent who had the option of placing insurance with one of several companies, whereas an agent was committed to solicit insurance for one particular company. The facts of United Credit did not require the court to expound further since the court concluded the claimant failed to prove she even bought an insurance contract from the agent through whom she attempted to attach liability to the insurer. However in Tiner v. Aetna Life Insurance Company, 291 So.2d 774 (La.1974), the Supreme Court noted a principle relevant to this case and that is that an insurer broker, under certain factual circumstances, can act as an agent for an insurance company. That a person functions as a broker does not preclude his ever functioning in an agency capacity for the insurer.
Thus whether Jeffers could write for one or more insurance companies is not conclusive. (Nor is it known to us.) We address our inquiry to the role he assumed in the transaction before us. Absent our finding Jeffers acted as the agent for the insurer, there is no basis for holding Louisiana Farm Bureau Company liable. While the facts concerning agency are equally fuzzy, there is sufficient evidence to support a finding of agency. Sorapuru said a board member of the defendant insurer referred him to Jeffers' office in Boutte, where he filled out an application form directed to defendant insurer. He received identification bearing the insurer's name and certifying it carried his insurance. Sorapuru's check payable to Farm Bureau and delivered to Jeffers was deposited by Farm. The insurer, who was in the best position to explain away the implied agency, elicited no facts that would establish Jeffers was an independent broker who placed insurance with its company. Rather, Ted Melancon, the insurer's representative who came into the Boutte area after Jeffers' activities came to light, alluded to him as though he were an agent of the insurer. For example he testified that "some claims came in after I replaced Jeffers and brought another agent." (Emphasis added.)
We conclude there is sufficient evidence to support the finding an agency relationship existed between defendant insurer and Jeffers. The acts of a party functioning as the agent of a principal are imputable to the principal. Karam v. St. Paul Fire & Marine Insurance Co., 265 So.2d 821 (La.App.3d Cir. 1972).
We next consider whether the amount of the award was proper. As we have previously noted, the record supports a finding that $560 in premiums was paid. Applying the rule of Canter v. Koehring Company, 283 So.2d 716 (La.1973), we will not disturb the finding that plaintiff paid $560. However, defendant furnished coverage for which it should be allowed to retain premiums in the amount of $304. Plaintiff is therefore entitled to the difference of $256.
Finally we consider whether plaintiff is entitled to damages for mental anguish based on alleged suffering he sustained because he was driving without insurance, which he said caused mental stress. In view of the fact plaintiff has been uninsured *527 in the past and was uninsured when this case came to trial, it is difficult to believe he sustained any emotional strain whatsoever. As to attorney fees, there is no basis in law for the award thereof. As a general rule, attorney fees are not awarded to a successful litigant in Louisiana except where authorized by contract or by statute. Inzer v. Hollis, 339 So.2d 522 (La.App.2d Cir. 1976).
Accordingly, the judgment appealed from is amended to reduce the award to the amount of $256. In all other respects the judgment is affirmed. Costs in this court are to be paid by the insurer, Southern Farm Bureau Casualty Insurance Company.
AMENDED AND AFFIRMED.
NOTES
[1] Although Southern Farm Bureau Casualty Insurance Company is cited as a defendant and named in the judgment, defense counsel states Louisiana Farm Bureau Company is the correct name.